Case No. 3:21-cv-03129-N

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

In re: Highland Capital Management, L.P.,

Reorganized Debtor.

THE CHARITABLE DAF FUND, L.P., and CLO HOLDCO, LTD.,

Appellants

v.

HIGHLAND CAPITAL MANAGEMENT, L.P.,

Appellee

On Appeal from the
United States Bankruptcy Court, Northern District of Texas, Dallas Division
Case No. 19-34054-sgj11 (Hon. Stacey G.C. Jernigan)

## APPELLEE'S MOTION TO DISMISS APPEAL AS CONSTITUTIONALLY MOOT

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Jordan A. Kroop (NY Bar No. 2680882)
Gregory V. Demo (NY Bar No. 5371992)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

*Counsel for Appellee*

i

**TABLE OF CONTENTS**

                                                  **Page**

Background and Procedural Posture ............................................................................................... 1

The Stay Appeal Is Now Constitutionally Moot ............................................................................. 5

Conclusion ....................................................................................................................................... 6

# **TABLE OF AUTHORITIES**

**CASES**

*Basic Capital Mgmt. v. Gotham Ptnrs.*,
   2002 U.S. Dist. LEXIS 7227 (N.D. Tex. Apr. 23, 2002) ........................................................... 6

*Benavides v. Housing Auth.*,
   238 F.3d 667, (5th Cir. 2001) ..................................................................................................... 6

*De Funis v. Odegaard*,
   416 U.S. 312 (1974)............................................................................................................... 5, 6

*Goldin v. Bartholow,*
   166 F.3d 710 (5th Cir. 1999) ...................................................................................................... 5

*Hogan v. Miss. University for Women,*
   646 F.2d 1116 (5th Cir. 1981) .................................................................................................... 5

*Honig v. Students of California School for Blind*,
   471 U.S. 148 (1985).................................................................................................................... 6

*Jenkins v. Tarrant Cty. Sheriff's Office*,
   2022 U.S. Dist. LEXIS 24707 (N.D. Tex. Feb. 11, 2022)........................................................... 6

*Souza v. FMC-Carswell*,
   2011 U.S. Dist. LEXIS 17907 (N.D. Tex. Feb. 18, 2011)........................................................... 6

*U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship,*
   513 U.S. 18 (1994)................................................................................................................ 1, 5

*Ward v. Am. Airlines*,
   498 F. Supp. 3d 909 (N.D. Tex. 2020) ...................................................................................... 6

*Williams v. Cintas Corp.*,
   2003 U.S. Dist. LEXIS 11147 (N.D. Tex. June 30, 2003) ......................................................... 6

DOCS_NY:45412.7 36027/003

Appellee Highland Capital Management, L.P. ("Highland") respectfully moves this Court, in accordance with Federal Rule of Bankruptcy Procedure 8013(a), for an order dismissing this appeal as constitutionally moot.[1]

Appellants appealed from an order denying their request to stay all proceedings (the "Order Denying Stay") in the adversary proceeding captioned *The Charitable DAF Fund, L.P., et al v. Highland Capital Management, L.P., et al*, Adv. Proc. No. 21-03067-sgj (Bankr. N.D. Tex. 2021) (the "Adversary Proceeding"). The Adversary Proceeding was dismissed with prejudice on March 11, 2022, before Appellants' appeal of the Order Denying Stay was determined. Accordingly, this appeal is now moot, presenting no Article III case or controversy and leaving this Court with no constitutional jurisdiction to hear this appeal.[2]

**Background and Procedural Posture**

Appellants, The Charitable DAF Fund, L.P. and CLO Holdco, Ltd. ("CLO Holdco"), commenced the Adversary Proceeding in the Bankruptcy Court (as defined below), oddly enough, by filing that certain *Original Complaint* (the "Complaint")[3] in this Court. In their Complaint, Appellants alleged that, among other things, Highland and its bankruptcy court-appointed chief executive officer

---

[1] *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship,* 513 U.S. 18 (1994).

[2] Prior to filing this Motion, counsel to Highland asked counsel to Appellants whether they would consent to dismissal of this appeal as moot. Appellants did not consent.

[3] *Charitable DAF Fund, L.P., et al v. Highland Capital Management, L.P., et al*, Case No. 3:21-CV-00842-B, Docket No. 1 (N.D. Tex. Apr. 12, 2021).

1

breached their obligations to Appellants by settling a claim against Highland's bankruptcy estate. The Bankruptcy Court had approved the settlement after notice and a hearing during which Appellants had every opportunity to take discovery and object to the settlement (and CLO Holdco did, in fact, object).

Highland subsequently moved to enforce this Court's *Miscellaneous Order No. 33* (the "Motion to Enforce"),[4] which refers all "cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 . . . to the Bankruptcy Judges of this district" (the "Order of Reference") and to refer the Complaint to the Bankruptcy Court.

Highland also moved to dismiss the Complaint, arguing, among other things, that the Complaint was barred by *res judicata* and that Appellants were estopped from pursuing the claims asserted in the Complaint (the "Motion to Dismiss").[5]

Before the Motion to Enforce and the Motion to Dismiss were heard, Appellants filed *Plaintiffs' Motion to Stay All Proceedings* (the "Motion to Stay"),[6] seeking a stay of all proceedings related to the Complaint pending resolution of the appeal to the Fifth Circuit Court of Appeals of the *Order (i) Confirming the Fifth*

---

[4] *Charitable DAF Fund, L.P., et al v. Highland Capital Management, L.P., et al*, Case No. 3:21-CV-00842-B, Docket No. 22 (N.D. Tex. May 19, 2021).

[5] *Charitable DAF Fund, L.P., et al v. Highland Capital Management, L.P., et al*, Case No. 3:21-CV-00842-B, Docket No. 26 (N.D. Tex. May 27, 2021).

[6] *Charitable DAF Fund, L.P., et al v. Highland Capital Management, L.P., et al*, Case No. 3:21-CV-00842-B, Docket No. 55 (N.D. Tex. Aug. 26, 2021).

DOCS_NY:45412.7 36027/003

*Amended Plan of Reorganization (as Modified) and (ii) Granting Related Relief* (the "Confirmation Order")[7] with respect to the *Debtor's Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.*[8]

The Motion to Enforce, the Motion to Dismiss, and the Motion to Stay were fully briefed to this Court.

On September 20, 2021, this Court entered an order enforcing the Order of Reference, referring the Complaint and all related proceedings (including the Motion to Dismiss and the Motion to Stay) to the Honorable Stacey G.C. Jernigan of the U.S. Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court") for adjudication and directing the Bankruptcy Court to docket the matter as an adversary proceeding associated with Highland's bankruptcy case.[9]

Accordingly, on September 29, 2021, the Bankruptcy Court opened the Adversary Proceeding to adjudicate the Complaint and related matters.

On November 23, 2021, the Bankruptcy Court held a hearing on (a) the Motion to Stay (as subsequently amended)[10] and (b) the Motion to Dismiss.

---

[7] *In re Highland Capital Management, L.P.*, Case No. 19-34054-sgj11, Docket No. 1943 (Bankr. N.D. Tex. Feb. 22, 2021).

[8] *In re Highland Capital Management, L.P.*, Case No. 19-34054-sgj11, Docket No. 1808 (Bankr. N.D. Tex. Jan. 22, 2021).

[9] *Charitable DAF Fund, L.P., et al v. Highland Capital Management, L.P., et al*, Case No. 3:21-CV-00842-B, Docket No. 64 (N.D. Tex. Sept. 20, 2021).

[10] *Charitable DAF Fund, L.P., et al v. Highland Capital Management, et al (In re Highland Capital Management, L.P.)*, Adv. Proc. No. 21-03067-sgj, Adv. Docket No. 69 (Bankr. N.D. Tex. Nov. 18, 2021).

3

The Bankruptcy Court entered its *Order Denying Motion to Stay* on December 7, 2021, which denied the Motion to Stay.[11] Appellants commenced this appeal of the Order Denying Stay on December 15, 2021.[12]

On March 11, 2022, the Bankruptcy Court entered its *Memorandum Opinion and Order Granting Motion to Dismiss the Adversary Proceeding* (the "Dismissal Order").[13] The Dismissal Order (a) held that the Complaint was barred by collateral estoppel[14] and judicial estoppel;[15] (b) dismissed with prejudice *all* causes of action asserted in the Complaint;[16] and (c) resolved the Adversary Proceeding.[17]

With the entry of the Dismissal Order, this appeal, which seeks a stay of the Adversary Proceeding, is moot.

Because this motion is brought under Bankruptcy Rule 8013(a), Appellants' response is due within seven days, and Appellee's reply is due within seven days thereafter.

---

[11] *Charitable DAF Fund, L.P., et al v. Highland Capital Management, et al (In re Highland Capital Management, L.P.)*, Adv. Proc. No. 21-03067-sgj, Adv. Docket No. 81 (Bankr. N.D. Tex. Dec. 7, 2021); *see also* Nov. 23, 2021 Hr. Tr. at 29:6-23. The Bankruptcy Court found, among other things, that the appeal of the Confirmation Order would not impact or affect the Adversary Proceeding.

[12] The Fifth Circuit heard oral argument on the appeal of the Confirmation Order on March 8, 2022, and has taken the matter under advisement.

[13] *Charitable DAF Fund, L.P. v. Highland Capital Management, L.P. (In re Highland Capital Management, L.P.)*, 2022 Bankr. LEXIS 659 (Bankr. N.D. Tex. Mar. 11, 2022).

[14] *Id.*, at *34.

[15] *Id.*, at *38-39.

[16] *Id.*, at *39.

[17] Appellants have appealed the Dismissal Order. *Charitable DAF Fund, L.P., et al v. Highland Capital Management, et al (In re Highland Capital Management, L.P.)*, Adv. Proc. No. 21-03067-sgj, Adv. Docket No. 104 (Bankr. N.D. Tex. Mar. 21, 2022).

**The Stay Appeal Is Now Constitutionally Moot**

The Stay Appeal has been rendered moot—non-justiciable under the "Cases and Controversies" Clause of Article III of the U.S. Constitution. The Court must dismiss an appeal that has become moot because a "moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents"[18] and "'federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them.'"[19]

Here, there is no longer a case or controversy and there is no relief this Court could grant with respect to the Stay Order that would affect Appellants' rights. There

---

[18] *Goldin v. Bartholow,* 166 F.3d 710, 717–18 (5th Cir. 1999), citing *Hogan v. Miss. University for Women,* 646 F.2d 1116, 1117 n.1 (5th Cir. 1981); *see also U.S. Bancorp Mortgage Co.*, 513 U.S. at 21 (finding that an Article III case or controversy must exist "at all states of appellate review").

[19] *De Funis v. Odegaard*, 416 U.S. 312, 316 (1974) (citations omitted).

is no proceeding for this Court to stay—the Adversary Proceeding and Complaint have been dismissed with prejudice.[20]

## Conclusion

The Court should dismiss this appeal as moot.

*[REMAINDER OF PAGE INTENTIONALLY BLANK]*

---

[20] *See, e.g.*, *Jenkins v. Tarrant Cty. Sheriff's Office*, 2022 U.S. Dist. LEXIS 24707, at * 39-40 (N.D. Tex. Feb. 11, 2022) (denying motion to stay proceedings as moot when underlying proceeding was dismissed without prejudice); *Ward v. Am. Airlines*, 498 F. Supp. 3d 909, 927 (N.D. Tex. 2020) (denying motion to stay discovery as moot when underlying proceeding was dismissed with prejudice); *Souza v. FMC-Carswell*, 2011 U.S. Dist. LEXIS 17907, at * 27-28 (N.D. Tex. Feb. 18, 2011) (denying a motion to stay discovery as moot when the underlying proceeding was dismissed with prejudice); *Williams v. Cintas Corp.*, 2003 U.S. Dist. LEXIS 11147, at *9 (N.D. Tex. June 30, 2003) (denying a motion to stay proceedings as moot when the underlying proceeding was dismissed with prejudiced); *Basic Capital Mgmt. v. Gotham Ptnrs.*, 2002 U.S. Dist. LEXIS 7227, at *7 (N.D. Tex. Apr. 23, 2002) (denying a motion to stay proceedings as moot when the underlying proceeding was dismissed, in part, with prejudice and, in part, without prejudice); *see also Honig v. Students of California School for Blind*, 471 U.S. 148, 149-50 (1985) (finding appeal of injunction was moot when the actions required by the injunction had been completed and "[n]o order. . . could affect the parties' rights"); *De Funis*, 416 U.S. at 316-20 (same); *Benavides v. Housing Auth.*, 238 F.3d 667, (5th Cir. 2001) (finding that appeal was moot when a controversy no longer existed because the actions sought to be enjoined had already occurred).

| | |
|---|---|
| Dated: March 28, 2022 | **PACHULSKI STANG ZIEHL & JONES LLP**<br>Jeffrey N. Pomerantz (CA Bar No. 143717)<br>John A. Morris (NY Bar No. 266326)<br>Jordan A. Kroop (NY Bar No. 2680882)<br>Gregory V. Demo (NY Bar No. 5371992)<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-6910<br>Facsimile: (310) 201-0760<br>Email: jpomerantz@pszjlaw.com<br>          jmorris@pszjlaw.com<br>          jkroop@pszjlaw.com<br>          gdemo@pszjlaw.com<br><br>-and-<br><br>**HAYWARD PLLC**<br><br>*/s/ Zachery Z. Annable*<br>Melissa S. Hayward (Texas Bar No. 24044908)<br>Zachery Z. Annable (Texas Bar No. 24053075)<br>10501 N. Central Expy, Ste. 106<br>Dallas, Texas 75231<br>Telephone: (972) 755-7100<br>Facsimile: (972) 755-7110<br>Email: MHayward@HaywardFirm.com<br>          ZAnnable@HaywardFirm.com<br><br>*Counsel for Highland Capital Management, L.P.* |

## CERTIFICATE OF COMPLIANCE WITH RULE 8013

The undersigned hereby certifies that this Motion complies with the type-volume limitation set by Rule 8013(f)(3) of the Federal Rules of Bankruptcy Procedure. This Motion contains 1,516 words.

*/s/ Zachery Z. Annable*
Zachery Z. Annable

## CERTIFICATE OF SERVICE

I hereby certify that, on March 28, 2022, a true and correct copy of the foregoing Motion was served electronically upon all parties registered to receive electronic notice in this case via the Court's CM/ECF system.

*/s/ Zachery Z. Annable*
Zachery Z. Annable