IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | § | |
|---|---|---|
| In re: | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | § | Case No. 19-34054 |
| | § | |
| Debtor. | § | Chapter 11 |
| | § | |
| THE CHARITABLE DAF FUND, L.P. | § | |
| and CLO HOLDCO, LTD., | § | |
| | § | |
| Appellants, | § | Adversary No. 21-03067-sg |
| | § | |
| v. | § | Case No. 3:21-cv-03129-N |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| APPELLEE. | § | |
| | § | |

**APPELLANTS' RESPONSE TO MOTION TO DISMISS APPEAL
AS CONSTITUTIONALLY MOOT**

**SBAITI & COMPANY PLLC**

*/s/ Jonathan Bridges*
**Mazin A. Sbaiti**
Texas Bar No. 24058096
**Jonathan Bridges**
Texas Bar No. 24028835
JPMorgan Chase Tower
2200 Ross Avenue – Suite 4900W
Dallas, TX  75201
T:  (214) 432-2899
F:  (214) 853-4367
E:  mas@sbaitilaw.com
    jeb@sbaitilaw.com

*Counsel for Appellants The Charitable
DAF Fund, L.P. and CLO Holdco, Ltd.*

**APPELLANTS' RESPONSE TO MOTION TO DISMISS APPEAL AS CONSTITUTIONALLY MOOT**

Appellants The Charitable DAF Fund, L.P. ("the DAF") and CLO Holdco, Ltd. ("CLO Holdco") submit this Response to Appellee's Motion to Dismiss Appeal As Constitutionally Moot [Doc. 7] pursuant to Local Rule 7.1(e) of the Local Civil Rules of the Northern District of Texas. A case or controversy exists between the parties, and the relief Appellants request is available.

**I.**

**BACKGROUND**

This appeal arises out of a long and complicated Chapter 11 bankruptcy involving Debtor/Appellee Highland Capital Management, L.P. ("Highland"). Highland was a global investment adviser registered with the SEC pursuant to the Investment Advisers Act of 1940, and as such, it managed billions of dollars of third-party assets. Original Complaint, Doc. 1, *Charitable DAF Fund, L.P., et al v. Highland Capital Management, L.P., et al,* Case No. 3:21-CV-00842-B (N.D. Tex. Apr. 12, 2021). As a result, Highland owed strict fiduciary duties both to the funds it managed and to the investors whose investments its managed. The DAF and CLO Holdco are two of those investors, and they have filed suit below alleging, among other things, breach of those fiduciary duties and violations of the Advisers Act and the civil RICO statute. *Id.*

Highland filed its proposed plan ("Plan") on January 22, 2021. Debtor's Fifth Amended Plan of Reorganization of Highland Capital Management, L.P., Doc. 1808, *In re Highland Capital Management, L.P.,* Doc. 1808, Case No. 19-34054-sgj11 (Bankr. N.D. Tex. Jan. 22, 2021). Over the objections of numerous creditors and parties, the Bankruptcy Court entered its Plan Confirmation Order on February 22, 2021, confirming Highland's Plan. *Id.,* Doc. 1943.

On August 9, 2021, the DAF and CLO Holdco received notice that the Plan Confirmation Order was now effective. *Id.*, Doc. 2700. Although one condition precedent to the effectiveness of

the Plan is finality of the confirmation order—which can only happen once all appeals are resolved—that and all other conditions are waivable by Highland. *Id.*, Doc. 1943, at pdf 142-43 (Art. VIII at pp. 45-46). Highland's notice, which waived finality and any other unsatisfied conditions, makes the Plan's exculpation provisions and injunctions immediately effective.

This appeal stems from those provisions, which purport to permanently enjoin any suit that the DAF and CLO Holdco could ever bring against Highland, its investment adviser. The Plan's injunction provisions provide:

> Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court, ***all Enjoined Parties are and shall be permanently enjoined, on and after the Effective Date, with respect to any Claims and Equity Interests, from directly or indirectly (i) commencing, conducting, or continuing in any manner any suit, action, or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtor or the property of the Debtor***, (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering, enforcing, or attempting to recover or enforce, by any manner or means, any judgment, award, decree, or order against the Debtor or the property of the Debtor, (iii) creating, perfecting, or otherwise enforcing in any manner, any security interest, lien or encumbrance of any kind against the Debtor or the property of the Debtor (iv) asserting any right of setoff, directly or indirectly, against any obligation due to the Debtor or against property or interests in property of the Debtor, except to the limited extent permitted under Sections 553 and 1141 of the Bankruptcy Code, and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.
>
> The injunctions set forth herein shall extend to, and apply to any act of the type set forth in any of clauses (i)-(v) of the immediately preceding paragraph against any successors of the Debtor, including, but not limited to, the Reorganized Debtor, the Litigation SubTrust, and the Claimant Trust and their respective property and interests in property.

*Id.* at pdf 147-48 (ART. IX.F at pp. 50-51 (emphasis added)). "Enjoined Parties" is a defined term in the Plan that includes the DAF and CLO Holdco. *Id.* at pdf 105 (Art. I; ¶ 56 at p.8).

Several parties have challenged the Plan Confirmation Order, resulting in a direct appeal to the Fifth Circuit that was argued on March 8, 2022. *See NexPoint Advisors, L.P. et al. v. Highland Capital Management, L.P.*, No. 21-10449 (5th Cir. 2021) [hereafter "NexPoint Advisors

appeal"]. The NexPoint Advisors appeal includes direct challenges to the enforceability and validity of the injunction.

In light of the injunction and the pending appeal before the Fifth Circuit, the DAF and CLO Holdco filed a Motion to Stay ("Stay Motion") in the bankruptcy court in the adversary proceeding in which their causes of action against Highland were pending. Doc. 55, *Charitable DAF Fund, L.P., et al v. Highland Capital Management, L.P., et aI,* Case No. 3:21-CV-00842-B (N.D. Tex. August 26, 2021). In the Stay Motion, the DAF and CLO Holdco argued that the bankruptcy court should not proceed with the litigation for four reasons: (1) because allowing the case to proceed after enjoining one side would result in the absence of a justiciable controversy and any decision rendered would constitute an unconstitutional advisory opinion, (2) because the DAF and CLO Holdco could not fully participate without violating the injunction's prohibition on "conducting, or continuing in any manner," an enjoined suit, (3) because the DAF and CLO Holdco were entitled to withdraw the reference to bankruptcy court, as of right, under 28 U.S.C. § 157(d), but again could not do so without violating the injunction,[1] and (4) because Highland had taken a contrary position in other adversary matters. *Id.* at 5-6. They also argued that judicial efficiency counseled in favor of staying the action until the NexPoint Advisors appeal is resolved.

The bankruptcy court denied the Stay Motion and proceeded to address the merits of the enjoined action, proceeding to address on the merits Defendant Highland Capital Management, L.P.'s Motion to Dismiss Complaint, Doc. 26 ("Motion to Dismiss"). The bankruptcy court's order granting the Motion to Dismiss has also been appealed, and Appellants have moved to consolidate

---

[1] The record contains a motion seeking to withdraw the reference submitted as an offer of proof as to what the DAF and CLO Holdco intended to do but were enjoined from doing. *See* Motion to Withdraw Reference and Brief in Support, Doc. 69-1, *Charitable DAF Fund, L.P., et al v. Highland Capital Management, et al,* Adversary Proc. No. 21-03067-sgj (Bankr. N.D. Tex. Nov. 18, 2021).

that appeal with this one. Motion to Consolidate Appeals in Adversary Proceeding No. 21-03067, Doc. 9 (April 18, 2022).

## II.

## ARGUMENT

This appeal is not moot. Highland devotes so little of its brief to argument—and fails therein to even mention the standard for constitutional mootness—because the law provides no support for its position. Plainly there is a case or controversy between the parties, and the injury to the DAF and CLO Holdco can be redressed.

In *Chafin v. Chafin*, 568 U.S. 165 (2013), the Supreme Court explained that, "[t]o invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id*. at 172 (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). There is no serious argument that the DAF and CLO Holdco have asserted causes of action or that the relief requested in their complaint is unavailable. Rather, Highland merely contends that the appeal "has become moot," brief at 5, due solely to the bankruptcy court's dismissal, below, of their claims.

That the bankruptcy court's dismissal fails to moot constitutional standing is proved by the well-established right to appeal a final order of dismissal. See, e.g., *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010) ("We have jurisdiction under 28 U.S.C. § 1291 over the final order of the district court dismissing Plaintiffs' Amended Complaint. We review *de novo* the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6)."). The pending appeal of the dismissal order below evidences that a case or controversy still exists between the parties. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 73 (1997). There has been no final adjudication of the claims asserted by the DAF and CLO Holdco.

At most, Highland can only assert that the relief requested in this appeal is no longer redressable because it is too late for the bankruptcy court to stay the adversary proceeding now that the causes of action at issue have been dismissed. But again, this argument is refuted by the appeal of the dismissal order. It is not too late, and if that order is reversed, the lack of a stay will cause additional prejudice to the DAF and CLO Holdco.

The gist of this appeal is that the adversary proceeding should have been stayed once the final plan became effective because the plan's permanent-injunction provisions enjoined the DAF and CLO Holdco from further pursuing the action. *See* Stay Motion at 5-6. Once they were enjoined, their hands were tied, and the outcome was assured. Unless and until the permanent injunction is reversed or modified on appeal, there is no longer a justiciable controversy below. And so, the DAF and CLO Holdco asked for a stay pending NexPoint's direct appeal to the Fifth Circuit of the Plan Confirmation Order. *Id.*

The bankruptcy court's denial of the Stay Motion resulted in its issuing an advisory opinion on the Motion to Dismiss—a matter over which it lacked subject matter jurisdiction. *See United States v. Denedo*, 556 U.S. 904, 911 (2009) ("[A] court's power to issue any form of relief--extraordinary or otherwise—is contingent on that court's subject-matter jurisdiction over the case or controversy."); *Lower Colo. River Auth. v. Papalote Creek II, L.L.C.*, 858 F.3d 916, 927 (5th Cir. 2017) ("Because the matter was not ripe—*i.e.*, there was no Article III 'case' or 'controversy'—at the time the district court entered judgment in this case, the district court's judgment is void for lack of subject matter jurisdiction and is vacated."); *Hamman v. Sw. Gas Pipeline, Inc.*, 721 F.2d 140, 143–44 (5th Cir. 1983) (holding that a subsequent order—the subject of which would be immaterial to the dispute as a result of a prior order—would constitute an unconstitutional advisory opinion).

Proceeding while the DAF's and CLO Holdco's hands were tied by the injunction likewise caused injury by preventing them from withdrawing the reference to the bankruptcy court pursuant to § 157(d), a procedural right they were entitled to and put forward in an offer of proof below. Motion to Withdraw Reference and Brief in Support, Doc. 69-1, *Charitable DAF Fund, L.P., et al v. Highland Capital Management, et al,* Adversary Proc. No. 21-03067-sgj (Bankr. N.D. Tex. Nov. 18, 2021).

These injuries plainly can be redressed. Reversing the bankruptcy court here on the basis that it lacked subject matter jurisdiction would render its decisions below void. *Lower Colo. River Auth.*, 858 F.3d at 927. Moreover, should the bankruptcy court's order on granting the Motion to Dismiss be reversed, the denial of the Stay Motion can and should also be reversed to prevent Highland from further litigating the case effectively ex parte while the Fifth Circuit considers the validity of the final plan.

Certainly this relief is available. Moreover, the standard set forth in *Benavides v. Housing Auth.*, 238 F.3d 667, 669-70 (5th Cir. 2001), a case cited by Highland, only requires relief to be "theoretically available" where, as here, there is a review process in place. *Cf. Chafin*, 568 U.S. at 174 (reversing dismissal for mootness of appellant's child-custody-related challenge because the claim for relief could not be "dismissed as so implausible that it [was] insufficient to preserve jurisdiction" and holding that "prospects of success are therefore not pertinent to the mootness inquiry"); *id.* at 173-74 (2013) (quoting *Arkadelphia Milling Co. v. St. Louis Southwestern R. Co.*, 249 U.S. 134, 145-146 (1919), and *Northwestern Fuel Co.* v. *Brock*, 139 U.S. 216, 219 (1891), for the proposition that "[j]urisdiction to correct what had been wrongfully done must remain with the court so long as the parties and the case are properly before it, either in the first instance or when

remanded to it by an appellate tribunal"); *id.* at 175 ("Courts often adjudicate disputes where the practical impact of any decision is not assured.").

None of Highland's remaining authorities are on point. In *Goldin v. Bartholow*, 166 F.3d 710 (5th Cir. 1999), the court merely held that, following trust termination, the claims of the trustee of the defunct trust were moot due to lack of standing. Most importantly for present purposes, the court there explained, "It is a standard truism that 'there can be no live controversy without at least two active combatants.'" *Id.* at 718-19 (quoting *Martinez v. Winner*, 800 F.2d 230, 231 (10th Cir. 1986)). Because of the injunction below, combatants on one side were inactive. But here on appeal, there can be no doubt that the fight is on.

Highland next cites *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 19, 29 (1994). There, the Supreme Court dismissed an appeal as moot due to the parties having settled and further determined that mootness by reason of settlement does not justify vacatur of a judgment under review. This hardly strengthens Highland's hand.

Highland's reliance on *De Funis v. Odegaard*, 416 U.S. 312 (1974), *Hogan v. Mississippi University for Women*, 646 F.2d 1116 (5th Cir. 1981), and *Honig v. Students of California School for Blind*, 471 U.S. 148 (1985) is also misplaced. They are inapposite, standing for the proposition that preliminary injunctions, which have run their course and become a fait accompli prior to appellate review, are moot. But this is because there is no longer even theoretical relief that a reviewing court could provide with regard to such injunctions, and mootness is due to the passage of time. The same cannot be said here. And there is no preliminary injunction at issue.

*Jenkins v. Tarrant Cty. Sheriff's Office*, No. 4:21-cv-0910-O, 2022 U.S. Dist. LEXIS 24707 (N.D. Tex. Feb. 11, 2022) is likewise off-point. There, the plaintiff requested a stay of the defendants' pending motions until the court could rule on his claim seeking to compel disclosure

of documents from a governmental entity. *Id.* at *7. The court dismissed the claim seeking disclosure on the grounds of sovereign immunity, thereby mooting the stay motion. *Id.* at *16.

Similarly, in *Souza v. FMC-Carswell*, Noa. 4:09-CV-469-Y, 2011 U.S. Dist. LEXIS 17907 (N.D. Tex. Feb. 18, 2011), the court determined a motion seeking a stay of discovery on qualified-immunity grounds was moot after dismissing the case on the basis of qualified immunity.

*Ward v. Am. Airlines*, 498 F. Supp. 3d 909 (N.D. Tex. 2020), and *Williams v. Cintas Corp.*, No. 3:03-CV-00444-L, 2003 U.S. Dist. LEXIS 11147 (N.D. Tex. June 30, 2003) fare no better. In these cases, stay motions were denied as moot only after the courts compelled arbitration.

Finally, in *Basic Capital Mgmt. v. Gotham Partners*, No. 3:01-CV-0942-P, 2002 U.S. Dist. LEXIS 7227 (N.D. Tex. Apr. 23, 2002), the court addressed the defendant's motion to dismiss and alternative motion to stay, deeming the alternative relief moot after granting the dismissal.

None of these cases even remotely suggest that there is no appellate jurisdiction over the appeal a denial of a stay motion when that motion is based on justiciability.

## III.

## CONCLUSION

For all of these reasons, the DAF and CLO Holdco respectfully submit that Highland's Motion seeking dismissal of this appeal should be denied.

Dated:  April 18, 2022                                  Respectfully submitted,

                                                            **SBAITI & COMPANY PLLC**

                                                            */s/  Jonathan Bridge*
                                                            **Mazin A. Sbaiti**
                                                            Texas Bar No. 24058096
                                                            **Jonathan Bridges**
                                                            Texas Bar No. 24028835
                                                            JPMorgan Chase Tower
                                                            2200 Ross Avenue – Suite 4900W
                                                            Dallas, TX  75201
                                                            T:  (214) 432-2899
                                                            F:  (214) 853-4367
                                                            E:  mas@sbaitilaw.com
                                                                   jeb@sbaitilaw.com

                                                            **Counsel for Appellants**