Case No. 3:21-cv-03129-N

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE CHARITABLE DAF FUND, L.P.
and CLO HOLDCO, LTD.,

*Appellants,*

v.

HIGHLAND CAPITAL MANAGEMENT, L.P.,

*Appellee.*

In Re; Highland Capital Management, L.P.,
*Debtor.*

On Appeal from the United States Bankruptcy Court for the Northern District
of Texas, Adversary No. 21-03067-sg, Hon. Stacey G.C. Jernigan, Presiding

BRIEF OF APPELLANTS THE CHARITABLE DAF
FUND, L.P. AND CLO HOLDCO, LTD.

Mazin A. Sbaiti
Jonathan Bridges
Sbaiti & Company PLLC
JPMorgan Chase Tower
2200 Ross Avenue – Suite 4900W
Dallas, TX  75201
T:  (214) 432-2899
F:  (214) 853-4367

Counsel for Appellants

# RULE 8012 CORPORATE DISCLOSURE STATEMENT

Appellant Charitable DAF Fund, L.P. is the parent of CLO Holdco, Ltd. [No publicly traded company owns 10% or more of DAF; DAF owns 100% of CLO Holdco.]

# TABLE OF CONTENTS

RULE 8012 CORPORATE DISCLOSURE STATEMENT .................................. i

TABLE OF CONTENTS ................................................................................... ii

TABLE OF AUTHORITIES ............................................................................. iii

JURISDICTIONAL STATEMENT ................................................................... 1

STATEMENT REGARDING ORAL ARGUMENT ........................................ 1

STATEMENT OF THE ISSUES ....................................................................... 2

STATEMENT OF THE CASE ........................................................................... 2

STANDARD OF REVIEW ................................................................................ 6

SUMMARY OF ARGUMENT .......................................................................... 6

ARGUMENT ..................................................................................................... 7

CONCLUSION ................................................................................................ 11

CERTIFICATE OF SERVICE ........................................................................ 12

CERTIFICATE OF COMPLIANCE ............................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*ACF Indus. v. Guinn*,
  384 F.2d 15, 19 (5th Cir. 1967) ........................................................................... 6

*Environmental Defense Fund v. Alexander,*
  614 F.2d 474 (5th Cir)., *cert. denied*, 499 U.S. 919,
  101 S. Ct. 316, 66 L. Ed. 2d. 146 (1980) ............................................................. 9

*Fishman Jackson PLLC v. Israely*,
  180 F. Supp. 3d 476 (N.D. Tex. 2016) ................................................................ 6

*Goldin v. Bartholow*,
  166 F.3d 710 (5th Cir. 1999) ....................................................................... 2, 10

*Greco v. NFL*,
  116 F. Supp. 3d 744 (N.D. Tex. 2015) ................................................................ 6

*Hamman v. Sw. Gas Pipeline, Inc.*,
  721 F.2d 140 (5th Cir. 1983) ........................................................................ 8, 9

*Highmark Inc. v. Allcare Health Mgmt. Sys.*,
  572 U.S. 559 (2014) ............................................................................................ 6

*In re Davis*,
  730 F.2d 176 (5th Cir. 1984) .............................................................................. 6

*Lower Colo. River Auth. v. Papalote Creek II, L.L.C.*,
  858 F.3d 916 (5th Cir. 2017) .............................................................................. 8

*Martinez v. Winner*,
  800 F.2d 230 (10th Cir. 1986) ...................................................................... 2, 10

*Supermedia Inc. v. Bell*,
  No. 3:12-CV-2034, 2012 U.S. Dist. LEXIS 158133
  (N.D. Tex. Nov. 2, 2012) .................................................................................... 6

*United States v. Denedo*,
  556 U.S. 904 (2009) .......................................................................................... 8

**Statutes**

28 U.S.C. § 158 ........................................................................................... 1, 10

## JURISDICTIONAL STATEMENT

Appellants challenge the December 7, 2021 *Order Denying Motion to Stay* by the bankruptcy court [R000006-07] ("Order"). That order denies Appellants' request to stay all proceedings in the adversary matter pending the direct appeal to the Fifth Circuit of the challenge to the Plan Confirmation Order entered on August 9, 2021, in *In re Highland Capital Management, L.P.* [R002345-400], which was argued on March 8, 2022. The Order also provides that the bankruptcy court "retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order."

Appellants timely filed their Notice of Appeal on December 15, 2021. R000001. This Court has jurisdiction under 28 U.S.C. § 158(a). Jurisdiction exists under § 158(a)(1) because the Order is closely related to and part of Appellants' appeal of a final order. R000001. Appellants have moved to consolidate that appeal with this one. Motion to Consolidate Appeals in Adversary Proceeding No. 21-03067, Doc. 9 (April 18, 2022). In any event, this Court has discretion to hear the appeal under § 158(a)(3).[1]

## STATEMENT REGARDING ORAL ARGUMENT

Appellants request oral argument on this appeal and believe that such argument will assist this Court in considering the interrelated issues presented.

---

[1] To the extent leave may be required, Appellants respectfully request leave.

## STATEMENT OF THE ISSUES

It is well established that "there can be no live controversy without at least two active combatants"[2] due to the constitutional requirement of a case or controversy. Here, the bankruptcy court enjoined Appellants from litigating any action against Appellee and then denied their motion to stay, ultimately proceeding to dismiss the case on the merits. Did the bankruptcy court err by proceeding with the case rather than staying it?

## STATEMENT OF THE CASE

This appeal arises out of a long and complicated Chapter 11 bankruptcy involving Debtor/Appellee Highland Capital Management, L.P. ("Highland"). Highland was a global investment adviser registered with the SEC pursuant to the Investment Advisers Act of 1940, and as such, it managed billions of dollars of third-party assets. R000480-505. As a result, Highland owed strict fiduciary duties both to the funds it managed and to the investors whose investments its managed. The DAF and CLO Holdco are two of those investors, and they filed suit alleging, among other things, that Highland breached its fiduciary duties and violated the Advisers Act and the civil RICO statute. *Id.*

---

[2] *Goldin v. Bartholow*, 166 F.3d 710, 718-19 (5th Cir. 1999) (quoting *Martinez v. Winner*, 800 F.2d 230, 231 (10th Cir. 1986)).

Highland filed its proposed plan ("Plan") on January 22, 2021. Debtor's Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. R002345-2400. Over the objections of numerous creditors and parties, the Bankruptcy Court entered its Plan Confirmation Order on February 22, 2021, confirming Highland's Plan. R002411-571.

On August 9, 2021, the DAF and CLO Holdco received notice that the Plan Confirmation Order was now effective. Doc. 2700, *In re: Highland Capital Management, L.P.,* Case No. 19-34054-sgj11 (Bankr. N.D. Tex.). Although one condition precedent to the effectiveness of the Plan is finality of the confirmation order—which can only happen once all appeals are resolved—that and all other conditions are waivable by Highland. R002552-53. Highland's notice, which waived finality and any other unsatisfied conditions, made the Plan's exculpation provisions and injunctions immediately effective.

This appeal stems from those provisions, which purport to permanently enjoin any suit that the DAF and CLO Holdco could ever bring against Highland, their investment adviser. The Plan's injunction provisions provide:

> Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court, ***all Enjoined Parties are and shall be permanently enjoined, on and after the Effective Date, with respect to any Claims and Equity Interests, from directly or indirectly (i) commencing, conducting, or continuing in any manner any suit, action, or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtor or the property of the Debtor***, (ii) enforcing, levying, attaching (including any

> prejudgment attachment), collecting, or otherwise recovering, enforcing, or attempting to recover or enforce, by any manner or means, any judgment, award, decree, or order against the Debtor or the property of the Debtor, (iii) creating, perfecting, or otherwise enforcing in any manner, any security interest, lien or encumbrance of any kind against the Debtor or the property of the Debtor (iv) asserting any right of setoff, directly or indirectly, against any obligation due to the Debtor or against property or interests in property of the Debtor, except to the limited extent permitted under Sections 553 and 1141 of the Bankruptcy Code, and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.
>
> The injunctions set forth herein shall extend to, and apply to any act of the type set forth in any of clauses (i)-(v) of the immediately preceding paragraph against any successors of the Debtor, including, but not limited to, the Reorganized Debtor, the Litigation SubTrust, and the Claimant Trust and their respective property and interests in property.

R002557-58 (ART. IX.F at pp. 50-51 (emphasis added)). "Enjoined Parties" is a defined term in the Plan that includes the DAF and CLO Holdco. R002515 (Art. I; ¶ 56 at p.8); *see also* R002554-55 and R002516 (Art. IX.C at pp. 47-48 & Art. I at p.9 (purporting to exculpate Highland from liability nearly as broadly)).

Several parties have challenged the Plan Confirmation Order, resulting in a direct appeal to the Fifth Circuit that was argued on March 8, 2022. *See NexPoint Advisors, L.P. et al. v. Highland Capital Management, L.P.*, No. 21-10449 (5th Cir. 2021) [hereafter "NexPoint Advisors appeal"]. The NexPoint Advisors appeal includes direct challenges to the enforceability and validity of the injunction.

In light of the injunction and the pending appeal before the Fifth Circuit, the DAF and CLO Holdco filed a Motion to Stay ("Stay Motion") in the bankruptcy

4

court in the adversary proceeding in which their causes of action against Highland were pending. R000516-21. In the Stay Motion, the DAF and CLO Holdco argued that the bankruptcy court should not proceed with the litigation for four reasons: (1) because allowing the case to proceed after enjoining one side would result in the absence of a justiciable controversy and any decision rendered would constitute an unconstitutional advisory opinion, (2) because the DAF and CLO Holdco could not fully participate without violating the injunction's prohibition on "conducting, or continuing in any manner," an enjoined suit, (3) because the DAF and CLO Holdco were entitled to withdraw the reference to bankruptcy court, as of right, under 28 U.S.C. § 157(d), but again could not do so without violating the injunction,[3] and (4) because Highland had taken a contrary position in other adversary matters. R000519-20. They also argued that judicial efficiency counseled in favor of staying the action until the NexPoint Advisors appeal is resolved.

The bankruptcy court denied the Stay Motion and proceeded to address the merits of the enjoined action, including Defendant Highland Capital Management, L.P.'s Motion to Dismiss Complaint, Doc. 26 ("Motion to Dismiss"). The bankruptcy court's order granting the Motion to Dismiss has also been appealed, and a motion is pending to consolidate that appeal with this one.

---

[3] The record contains a motion seeking to withdraw the reference submitted as an offer of proof as to what the DAF and CLO Holdco intended to do but were enjoined from doing. *See* Motion to Withdraw Reference and Brief in Support. R000541-47.

## STANDARD OF REVIEW

The bankruptcy court has discretion to grant or deny a stay motion. *See Fishman Jackson PLLC v. Israely*, 180 F. Supp. 3d 476, 482 (N.D. Tex. 2016). Courts have discretion "to grant a stay when a related case with substantially similar issues is pending before a court of appeals." *Greco v. NFL*, 116 F. Supp. 3d 744, 761 (N.D. Tex. 2015); *see ACF Indus. v. Guinn*, 384 F.2d 15, 19 (5th Cir. 1967) ("A stay pending the outcome of litigation between the same parties involving the same or controlling issues is an acceptable means of avoiding unnecessary duplication of judicial machinery."); *In re Davis*, 730 F.2d 176, 178 (5th Cir. 1984) ("[I]n considering whether or not to enter a stay, a district court must balance the interests involved."). "Where a stay is sought because of parallel pending federal court actions, 'the general principle is to avoid duplicative litigation,' with the relevant factors being 'equitable in nature.'" *Supermedia Inc. v. Bell*, No. 3:12-CV-2034, 2012 U.S. Dist. LEXIS 158133, at *5-6 (N.D. Tex. Nov. 2, 2012) (citations omitted).

Questions of law are reviewed de novo. *De Rodriguez v. Holder*, 585 F.3d 227, 233 (5th Cir. 2009); *Highmark Inc. v. Allcare Health Mgmt. Sys.*, 572 U.S. 559, 563 (2014).

## SUMMARY OF ARGUMENT

The bankruptcy court erred below in denying the Motion to Stay. The adversary proceeding should have been stayed once the plan became effective

because the plan's permanent-injunction provisions enjoined the DAF and CLO Holdco from further pursuing the action. Once they were enjoined, their hands were tied, and the outcome was assured. Unless and until the permanent injunction is reversed or modified on appeal, there is no longer a justiciable controversy below. Accordingly, the DAF and CLO Holdco asked for a stay pending NexPoint's direct appeal to the Fifth Circuit of the Plan Confirmation Order.

The bankruptcy court's denial of the Stay Motion resulted in its issuing an impermissible advisory opinion on the Motion to Dismiss—a matter over which it lacked subject matter jurisdiction, there no longer being a case or controversy between the parties. This was error. The bankruptcy court should be reversed.

## ARGUMENT

By enjoining the DAF and CLO Holdco, the bankruptcy court effectively stayed the plaintiff side of the case while allowing the defense side to continue. This is error. The Plan Confirmation Order's injunction provisions leave no room for debate that the DAF and CLO Holdco are enjoined from proceeding with the litigation. This is so unless and until the NexPoint Advisors appeal results in a reversal or modification of the injunction. The DAF and CLO Holdco's inability to participate further in the litigation terminated any case or controversy and stripped the bankruptcy court of jurisdiction.

The law is clear on this. "[A] court's power to issue any form of relief—extraordinary or otherwise—is contingent on that court's subject-matter jurisdiction over the case or controversy." *United States v. Denedo*, 556 U.S. 904, 911 (2009). Without an active case or controversy, federal courts lack subject matter jurisdiction, and any order entered is void. *See Lower Colo. River Auth. v. Papalote Creek II, L.L.C.*, 858 F.3d 916, 927 (5th Cir. 2017) ("Because the matter was not ripe—*i.e.*, there was no Article III 'case' or 'controversy'—at the time the district court entered judgment in this case, the district court's judgment is void for lack of subject matter jurisdiction and is vacated."). Once an order has been entered that would render further rulings of "no legal consequence," subsequent orders on the merits are advisory opinions prohibited by Article III of the Constitution. *Hamman v. Sw. Gas Pipeline, Inc.*, 721 F.2d 140, 143–44 (5th Cir. 1983) (holding that a subsequent order—the subject of which would be immaterial to the dispute as a result of a prior order—would constitute an unconstitutional advisory opinion).

Here, the injunction in the Plan Confirmation Order permanently enjoins the DAF and CLO Holdco from "commencing, conducting, or continuing in any manner any suit, action, or other proceeding of any kind" against Highland. R002401-02 (ART. IX.F at pp. 50-51). This injunction effectively terminates the case below.[4] As long as the injunction remains in place, there is no longer any case or controversy.

---

[4] The Plan's exculpation provisions, cited above, serve as the other side of the same coin.

The bankruptcy court could only stay the case pending the NexPoint Advisers appeal, as requested, or dismiss the case as barred by the injunction. It could not—as it did—allow Highland to continue litigating the case while the DAF and CLO Holdco's hands were tied.

In this regard, the Fifth Circuit's opinion in *Hamman* is instructive. There, the parties disputed the classification of a pipeline as a gathering line or a transmission line, the latter of which must be buried at least 30 inches below ground. 721 F.2d at 143–44. The court below had granted the defendant's motion for partial summary judgment, concluding that the pipeline was a gathering line. *Id.* On appeal, the Fifth Circuit reversed, holding that the pipeline was a transmission line which must be buried 30 inches deep. *Id.* But the court rejected the plaintiff's argument that his subsequent summary judgment motion should have been granted.

The Fifth Circuit reasoned as follows:

> [A]t the time appellant moved for summary judgment on the pipeline's depth, there was an existing summary judgment determining that the pipeline was a gathering line. Since the depth regulations do not apply to gathering lines, and since the trial court had found the [pipeline at issue] to be a gathering line, the depth of the [pipeline] could have had no legal consequence. To render summary judgment for appellants in this instance would have been to render an advisory opinion in violation of Article III, § 2 of the United States Constitution.

*Id.* (citing *Env't Def. Fund v. Alexander*, 614 F.2d 474, 480 (5th Cir. 1980).

The same is true here. Because the DAF and CLO Holdco are enjoined by the Plan Confirmation Order, the bankruptcy court cannot address issues that have no

9

legal consequence due to the injunction. It must wait for the Fifth Circuit to uphold or reverse that order. By doing otherwise, it has issued an unconstitutional advisory opinion.

The error is not academic. Proceeding while the DAF's and CLO Holdco's hands were tied prevented them from withdrawing the reference to the bankruptcy court pursuant to 28 U.S.C. § 157(d), a procedural right they were entitled to and put forward in an offer of proof below. Motion to Withdraw Reference and Brief in Support. R000544-547. In other words, not only did the bankruptcy court lack the constitutional power to continue the litigation, it had to violate the DAF's and CLO Holdco's statutory rights to do so. None of these issues were weighed or even considered in the bankruptcy court's order below.

In *Goldin v. Bartholow*, the Fifth Circuit stated, "It is a standard truism that 'there can be no live controversy without at least two active combatants.'" 166 F.3d at 718-19 (quoting *Martinez*, 800 F.2d at 231). Because the Plan Confirmation Order sidelined the DAF and CLO Holdco here, plainly the case should have been stayed.

## CONCLUSION

For these reasons, the DAF and CLO Holdco respectfully submit that the bankruptcy court's order declining to stay this action should be reversed.

Dated:  April 20, 2022                                Respectfully submitted,

                                                              **SBAITI & COMPANY PLLC**

*/s/ Jonathan Bridges*
**Mazin A. Sbaiti**
Texas Bar No. 24058096
**Jonathan Bridges**
Texas Bar No. 24028835
JPMorgan Chase Tower
2200 Ross Avenue – Suite 4900W
Dallas, TX  75201
T:  (214) 432-2899
F:  (214) 853-4367
E:  mas@sbaitilaw.com
    jeb@sbaitilaw.com

*Counsel for Appellants*

11

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2022, a true and correct copy of the foregoing was served via the Court's CM/ECF system on counsel for Appellee and all other parties.

*/s/ Jonathan Bridges*
Jonathan Bridges

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the type-volume limitations of Federal Rule of Bankruptcy Procedure ("Rule") 8015(h) as it contains 2,502 words, excluding the portions of the document exempted by Rule 8015(g).

I further certify that this document complies with the typeface requirements of Rule 8015(a)(5) and the type style requirements of Rule 8015(a)(7)(B) because it has been prepared in a proportionally-spaced typeface using Microsoft Word in 14 point Times New Roman.

*/s/ Jonathan Bridges*
Jonathan Bridges