Case No. 3:21-cv-03129-N

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

In re: Highland Capital Management, L.P.,

    Reorganized Debtor.

THE CHARITABLE DAF FUND, L.P. and CLO HOLDCO, LTD.,

Appellants

v.

HIGHLAND CAPITAL MANAGEMENT, L.P.,

Appellee

On Appeal from the
United States Bankruptcy Court, Northern District of Texas, Dallas Division
Case No. 19-34054-sgj11 (Hon. Stacey G.C. Jernigan)

## APPELLEE'S REPLY TO APPELLANTS' OPPOSITION TO MOTION TO DISMISS APPEALS AS CONSTITUTIONALLY MOOT

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Jordan A. Kroop (NY Bar No. 2680882)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward (TX Bar No. 24044908)
Zachery Z. Annable (TX Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Appellee*

Appellee replies to *Appellants' Response to Motion to Dismiss Appeal as Constitutionally Moot* (the "**Response**") filed by Appellants, and further supports Appellee's motion under Federal Rule of Bankruptcy Procedure 8013(a) for an order dismissing this appeal as constitutionally moot (the "**Motion**").[1]

The Motion presents a straightforward legal question: Does the Stay Appeal represent a justiciable case or controversy as required by the U.S. Constitution? The answer to that question is "no." On March 11, 2022, the Bankruptcy Court entered the Dismissal Order, which dismissed with prejudice all causes of action being litigated in the Adversary Proceeding.[2] The Adversary Proceeding was thus resolved. The Stay Appeal seeks to stay an Adversary Proceeding that no longer exists. There is nothing to stay. There is no relief for this Court to grant.

Without relief to grant, there is no case or controversy. The Court must dismiss the Stay Appeal because it is moot.

---

[1] Capitalized but undefined terms have the meanings given to them in the Motion.

The Motion was filed under Bankruptcy Rule 8013(a), under which Appellants' response was due within seven days of the Motion's filing (April 4, 2022). The Court should strike the Response as untimely because it was filed on April 18, 2022, two weeks late. Appellants (and other parties affiliated with Appellants in numerous appeals arising out of the Highland bankruptcy case) have argued that Local District Rule 7.1 and not Federal Rule of Bankruptcy Procedure 8013(a) applies to motion practice in appeals from the Bankruptcy Court for the Northern District of Texas to this Court. Appellee requests guidance from this Court as to which rule applies to resolve this issue for this appeal and all other pending appeals.

[2] *Charitable DAF Fund, L.P. v. Highland Capital Mgmt., L.P. (In re Highland Capital Mgmt., L.P.)*, 2022 Bankr. LEXIS 659 (Bankr. N.D. Tex. Mar. 11, 2022).

Implicitly acknowledging that the Stay Appeal no longer presents a judiciable controversy, Appellants attempt to link the Stay Appeal to their appeal of the Dismissal Order. But the Stay Appeal and the appeal of the Dismissal Order—despite Appellants belated attempts to consolidate them[3]—are separate proceedings involving separate orders of the Bankruptcy Court. One appeal (of the Dismissal Order) presents a justiciable controversy to this Court. The other (the Stay Appeal) does not. And Appellants cannot use the Dismissal Order to create a "controversy" with respect to the Stay Appeal where none exists.[4]

In denying the Stay Motion, the Bankruptcy Court rejected Appellants' argument that a stay was warranted because Highland's confirmed and effective[5] plan of reorganization (the "**Plan**")[6] impeded or otherwise prevented Appellants from arguing the merits of the Complaint. The Bankruptcy Court ruled that

---

[3] *See Motion to Consolidate Appeals in Adversary Proceeding No. 21-03067*, *The Charitable DAF Fund, L.P., and CLO Holdco, Ltd. v. Highland Capital Mgmt., L.P.*, Case No. 3:21-cv-03129, Docket No. 9 (N.D. Tex. Apr. 18, 2022) (the "**Motion to Consolidate**"). Although the notice of appeal of the Dismissal Order was filed on March 21, 2022, Appellants only sought to consolidate these cases on April 18, 2022, concurrently with the filing of their response to the Motion seeking to dismiss the Stay Appeal.

[4] Appellee is not arguing or even implying that the appeal of the Dismissal Order should be dismissed as moot nor has Appellee ever made that argument.

[5] Appellants assert they received notice of the Plan's effective date on August 9, 2021. Response at 1. That is impossible. Notice of the Plan's effective date was not filed until August 11, 2021. *In re Highland Capital Mgmt., L.P.*, Case No. 19-34054-sgj11, Docket No. 2700 (Bankr. N.D. Tex. Aug. 11, 2021).

[6] *In re Highland Capital Mgmt., L.P.*, Case No. 19-34054-sgj11, Docket No. 1808 (Bankr. N.D. Tex. Jan. 22, 2021).

DOCS_NY:45610.8 36027/003

Appellants' arguments were irrelevant, meritless, and evinced "a misunderstanding of how the [Plan's] injunction language … applies here."[7]

The Bankruptcy Court dismissed the Complaint.[8] There is no longer an Adversary Proceeding to stay. All that remains is Appellants' appeal of the Bankruptcy Court's bases for entering the Dismissal Order. All that will be litigated in the appeal of the Dismissal Order is whether the Bankruptcy Court correctly applied collateral and judicial estoppel. If Appellants somehow prevail in the appeal of the Dismissal Order and this Court vacates the Dismissal Order, the Adversary Proceeding will be reinstated in the Bankruptcy Court and Appellants can then seek a new stay if they wish. As it stands now, however, there is no Adversary Proceeding to stay.

Appellants offer the Court no authority to support their position. The only affirmative cases Appellants cite (*Hershey v. Energy Transfer Partners, L.P.*[9] and

---

[7] The Bankruptcy Court denied the Stay Motion because it determined that the appeal of the Confirmation Order will have no impact on the prosecution of the Complaint, ruling that Appellants' arguments were irrelevant, meritless, and evinced "a misunderstanding of how the [Plan's] injunction language … applies here." *See Charitable DAF Fund, L.P., et al v. Highland Capital Management, et al (In re Highland Capital Management, L.P.)*, Adv. Proc. No. 21-03067-sgj, Adv. Docket No. 81 (Bankr. N.D. Tex. Dec. 7, 2021); Nov. 23, 2021 Hr. Tr. at 29:6-23. In any event, Appellants (i) fully briefed the Complaint; (ii) fully responded to the Motion to Dismiss (which did not raise the Plan injunction as a basis for dismissal); and (iii) participated in a day-long oral argument on the merits of the Motion to Dismiss. It is hard to imagine what else Appellants could have done to defend their ill-fated Complaint.

[8] *Charitable DAF Fund, L.P.*, 2022 Bankr. LEXIS 659 at *34, 38-39.

[9] 610 F.3d 239 (5th Cir. 2010).

3

*Arizonans for Official English v. Arizona*[10]) stand for the unremarkable proposition that appellate courts can hear appeals of complaints dismissed under Rule 12(b)(6). No one disputes that. No one contends the appeal of the Dismissal Order is moot. But what matters here is not the Dismissal Order; it's the Stay Appeal, which is moot and must be dismissed.

With no precedent to rely on, Appellants attempt to distinguish Appellee's cases by pointing out that an appeal is not moot if relief is "theoretically available" because "where, as here, there is a review process in place." Response at 7, citing *Benavides v. Housing Auth.*[11] In *Benavides,* the Fifth Circuit distinguished its earlier ruling in *Vieux Carre Property Owners, Residents, & Assoc., Inc. v. Brown*,[12] which had found that a request for an injunction prohibiting demolition of a building was *not* moot because the housing authority might still take action that could provide meaningful relief. Critically, the Fifth Circuit pointed out that, unlike the building in *Vieux Carre*, the building in *Benavides* had already been "substantially" demolished. Consequently, the *Benavides* appeal was moot; no relief could be granted.[13]

---

[10] 520 U.S. 43 (1997).
[11] 238 F.3d 667, 669-70 (5th Cir. 2001).
[12] 948 F.2d 1436 (5th Cir. 1991).
[13] *Benavides*, 948 F.2d at 669-70.

4

This case closely resembles *Benavides*. The Adversary Proceeding has been completely "demolished" by the Dismissal Order. This Court, like the *Benavides* court, cannot rebuild it.

Appellants cannot distinguish Appellee's other cases, which establish that, when the primary proceeding is dismissed or resolved, any ancillary proceedings—like motions to stay deadlines or discovery—must be dismissed as moot.[14]

## Conclusion

This Court cannot grant relief in this appeal. No remedy—not even a theoretical one—can be fashioned. There is no case or controversy. This Court, respectfully, lacks jurisdiction to hear this moot appeal. It must be dismissed.

*Remainder of page intentionally blank*

---

[14] *See, e.g., Goldin v. Bartholow*, 166 F.3d 710 (5th Cir. 1999); *Souza v. FMC-Carswell*, 2011 U.S. Dist. LEXIS 17907 (N.D. Tex. Feb. 18, 2011) (dismissing motion to stay discovery after dismissing the primary proceeding on qualified immunity grounds).

Dated: April 25, 2022  **PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Jordan A. Kroop (NY Bar No. 2680882)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
 jmorris@pszjlaw.com
 gdemo@pszjlaw.com
 jkroop@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email: MHayward@HaywardFirm.com
 ZAnnable@HaywardFirm.com

*Counsel for Appellee Highland Capital Management, L.P.*

6

## CERTIFICATE OF COMPLIANCE WITH RULE 8013

The undersigned hereby certifies that this Reply complies with the type-volume limitation set by Rule 8013(f)(3) of the Federal Rules of Bankruptcy Procedure because, excluding the parts of the document exempted by Rule 8015(g), this Reply contains 1,277 words.

*/s/ Zachery Z. Annable*
Zachery Z. Annable

## CERTIFICATE OF SERVICE

I hereby certify that, on April 25, 2022, a true and correct copy of the foregoing Reply was served electronically upon all parties registered to receive electronic notice in this case via the Court's CM/ECF system.

*/s/ Zachery Z. Annable*
Zachery Z. Annable
