Case No. 3:21-cv-03129-N

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

In re: Highland Capital Management, L.P.,

   Reorganized Debtor.

THE CHARITABLE DAF FUND, L.P., and CLO HOLDCO, LTD.,

Appellants

v.

HIGHLAND CAPITAL MANAGEMENT, L.P.,

Appellee

On Appeal from the
United States Bankruptcy Court, Northern District of Texas, Dallas Division
Case No. 19-34054-sgj11 (Hon. Stacey G.C. Jernigan)

## APPELLEE'S RESPONSE TO MOTION TO CONSOLIDATE APPEALS IN ADVERSARY PROCEEDING NO. 21-03067

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Jordan A. Kroop (NY Bar No. 2680882)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

*Counsel for Appellee*

Appellee Highland Capital Management, L.P. ("**Highland**"), files this response (the "**Response**") in opposition to *Appellants' Motion to Consolidate Appeals in Adversary Proceeding No. 21-03067*[1] (the "**Motion to Consolidate**").

As a general matter, Appellee supports consolidation when it aids judicial economy, reduces costs, and limits the risk of conflicting rulings. But that can't happen here. Appellants' appeal of the Dismissal Order cannot be consolidated with the Stay Appeal because the Stay Appeal is constitutionally moot, presenting no justiciable case or controversy.[2] If the Court grants the Motion to Dismiss Stay Appeal, as it should, the Motion to Consolidate becomes a dead letter. If the Court declines to grant the Motion to Dismiss Stay Appeal, then Appellee does not oppose the consolidation of these two appeals.[3]

In the hope that doing so will assist the Court, Appellee respectfully takes this opportunity to clarify the record and correct two of Appellants' mistaken beliefs: (i) that the Bankruptcy Court is acting as a "magistrate judge for Judge Boyle" in this matter; and (ii) that the Dismissal Order is not an "order" but merely a "report and recommendation." Each is false.

---

[1] *The Charitable DAF Fund, L.P., et al, v. Highland Capital Mgmt., L.P.*, Case No. 3:21-cv-03129-N, Docket No. 9 (N.D. Tex. Apr. 18, 2022); *Charitable DAF Fund, L.P., et al, v. Highland Capital Mgmt., L.P.*, et al, Case No. 3:22-cv-00695-S, Docket No. 4 (N.D. Tex. Apr. 18, 2022).

[2] Appellee's motion to dismiss the Stay Appeal as moot has been fully briefed and is awaiting adjudication. *See Appellee's Motion to Dismiss Appeal as Constitutionally Moot*, *The Charitable DAF Fund, L.P., et al, v. Highland Capital Mgmt., L.P.*, Case No. 3:21-cv-03129-N, Docket No. 7 (N.D. Tex. Mar. 28, 2022) (the "**Motion to Dismiss Stay Appeal**").

[3] Appellee does not oppose any consolidation before Judge Boyle.

1

Appellants commenced the adversary proceeding captioned *The Charitable DAF Fund, L.P., et al v. Highland Capital Management, L.P., et al*, Adv. Proc. No. 21-03067-sgj (Bankr. N.D. Tex. 2021) (the "**Adversary Proceeding**") by wrongfully filing the *Original Complaint* (the "**Complaint**")[4] in this Court. The Adversary Proceeding should have been filed in the Bankruptcy Court under this Court's *Miscellaneous Order No. 33* (the "**Order of Reference**"), which refers all "cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 … to the Bankruptcy Judges of this district." Highland, therefore, moved to enforce the Order of Reference (the "**Motion to Enforce**")[5] and refer the Adversary Proceeding to the Bankruptcy Court. Highland also moved to dismiss the Complaint, arguing, among other things, that the Complaint was barred by *res judicata* and that Appellants were estopped from pursuing the claims asserted in the Complaint (the "**Motion to Dismiss**").[6]

Before the Motion to Enforce and the Motion to Dismiss were heard, Appellants filed *Plaintiffs' Motion to Stay All Proceedings* (the "**Motion to Stay**"),[7]

---

[4] *Charitable DAF Fund, L.P., et al v. Highland Capital Mgmt., L.P., et al*, Case No. 3:21-CV-00842-B, Docket No. 1 (N.D. Tex. Apr. 12, 2021).

[5] *Charitable DAF Fund, L.P., et al v. Highland Capital Mgmt., L.P., et al*, Case No. 3:21-CV-00842-B, Docket No. 22 (N.D. Tex. May 19, 2021).

[6] *Charitable DAF Fund, L.P., et al v. Highland Capital Mgmt., L.P., et al*, Case No. 3:21-CV-00842-B, Docket No. 26 (N.D. Tex. May 27, 2021).

[7] *Charitable DAF Fund, L.P., et al v. Highland Capital Mgmt., L.P., et al*, Case No. 3:21-CV-00842-B, Docket No. 55 (N.D. Tex. Aug. 26, 2021).

seeking a stay of all proceedings related to the Complaint pending resolution of the appeal to the Fifth Circuit Court of Appeals of the *Order (i) Confirming the Fifth Amended Plan of Reorganization (as Modified) and (ii) Granting Related Relief* (the "**Confirmation Order**")[8] with respect to Highland's plan of reorganization.

The Motion to Stay was premised on Appellants' manufactured contention that the injunction and exculpation provisions contained in the Plan somehow affected Appellants' ability to prosecute the Complaint. The Motion to Enforce, the Motion to Dismiss, and the Motion to Stay were all fully briefed to this Court.

On September 20, 2021, this Court entered an order enforcing the Order of Reference, referring the Complaint and all related proceedings (including the Motion to Dismiss and the Motion to Stay) to the Honorable Stacey G.C. Jernigan of the U.S. Bankruptcy Court for the Northern District of Texas, Dallas Division (the "**Bankruptcy Court**"), for adjudication and directing the Bankruptcy Court to docket the matter as an adversary proceeding associated with Highland's bankruptcy case.[9] Nothing in this Court's order referring the Complaint to the Bankruptcy Court characterized the matter as anything other than falling within the Bankruptcy Court's jurisdiction, and nothing in this Court's order characterized Judge Jernigan's role as

---

[8] *In re Highland Capital Mgmt., L.P.*, Case No. 19-34054-sgj11, Docket No. 1943 (Bankr. N.D. Tex. Feb. 22, 2021).
[9] *Charitable DAF Fund, L.P., et al v. Highland Capital Mgmt., L.P., et al*, Case No. 3:21-CV-00842-B, Docket No. 64 (N.D. Tex. Sept. 20, 2021).

one of a "magistrate" over the Complaint. Accordingly, on September 29, 2021, the Bankruptcy Court opened the Adversary Proceeding to adjudicate the Complaint and related matters.

On November 23, 2021, the Bankruptcy Court held a day-long hearing on the Motion to Stay (as subsequently amended)[10] and the Motion to Dismiss. Appellants fully participated in that hearing.

On December 7, 2021, the Bankruptcy Court entered its *Order Denying Motion to Stay*, which denied the Motion to Stay.[11] In its oral ruling, the Bankruptcy Court found, among other things, that the Stay Motion was premised on "a misunderstanding of how the [Plan] injunction language and exculpation language applies here" and that the Plan injunction and exculpation provisions did not impede Appellants' ability to prosecute the Complaint.[12] Appellants appealed the Order Denying Stay to this Court on December 15, 2021.

---

[10] *Charitable DAF Fund, L.P., et al v. Highland Capital Mgmt., et al (In re Highland Capital Management, L.P.)*, Adv. Proc. No. 21-03067-sgj, Adv. Docket No. 69 (Bankr. N.D. Tex. Nov. 18, 2021).

[11] *Charitable DAF Fund, L.P., et al v. Highland Capital Mgmt., et al (In re Highland Capital Management, L.P.)*, Adv. Proc. No. 21-03067-sgj, Adv. Docket No. 81 (Bankr. N.D. Tex. Dec. 7, 2021).

[12] *See* Nov. 23, 2021 Hr. Tr. at 29:6-23 ("The motion to stay is denied. The amended motion to stay is likewise denied. This is an odd argument. I guess one might say the traditional four-factor test for a stay of a proceeding has really not been the subject of the argument here for a stay. So suffice it to say the four-prong test for a stay, you know, hasn't been met here…. I just don't think that you have shown that, you know, either the exculpation clause or the injunction provisions of the plan somehow tie your hands in arguing the 12(b)(6) motion, defending against the 12(b)(6) motion today or I just think that your arguments reflect, frankly, a misunderstanding of how the injunction language and exculpation language applies here.").

On March 11, 2022, the Bankruptcy Court entered its *Memorandum Opinion and Order Granting Motion to Dismiss the Adversary Proceeding* (the "**Dismissal Order**").[13] The Dismissal Order dismissed with prejudice *all* causes of action asserted in the Complaint,[14] and resolved the Adversary Proceeding.

The Bankruptcy Court made clear that the Dismissal Order was a final order, not a "report and recommendation."[15] Appellants implicitly acknowledged this by *appealing* the Dismissal Order to this Court.[16] One does not appeal a "report and recommendation."

Although this Court has broad discretion under Rule 8003(b)(2) of the Federal Rules of Bankruptcy Procedure to consolidate cases, the Court should only use that

---

[13] *Charitable DAF Fund, L.P. v. Highland Capital Mgmt., L.P. (In re Highland Capital Mgmt., L.P.)*, 2022 Bankr. LEXIS 659 (Bankr. N.D. Tex. Mar. 11, 2022).

[14] *Id.*, at *34, 38-39.

[15] *Charitable DAF Fund, L.P.*, 2022 Bankr. LEXIS 659, at * 14-15 ("Bankruptcy subject matter jurisdiction exists in this matter, pursuant to 28 U.S.C. § 1334(b). This Adversary Proceeding … 'arises in' a bankruptcy case (making it 'core'), in that a claim is being asserted against a debtor (which was not yet a 'reorganized debtor' at the time the action was filed) and involves actions of a debtor-in-possession in administering its case. It involves orders of this Bankruptcy Court and activities and litigation over which the Bankruptcy Court presided. This Bankruptcy Court has authority to exercise bankruptcy subject matter jurisdiction here, pursuant to 28 U.S.C. § 157(a) and (b)(2)(A), (B), and (O), and the Standing Order of Reference of Bankruptcy Cases and Proceedings (Misc. Rule No. 33), for the Northern District of Texas, dated August 3, 1984.")

[16] *Charitable DAF Fund, L.P., et al v. Highland Capital Management, et al (In re Highland Capital Management, L.P.)*, Adv. Proc. No. 21-03067-sgj, Adv. Docket No. 104 (Bankr. N.D. Tex. Mar. 21, 2022). Judge Jernigan did make a passing reference to her acting as a magistrate during oral argument. Appellee believes that Judge Jernigan was momentarily mistaken, confusing this Adversary Proceeding (which this Court referred to her) with several other proceedings related to the Highland bankruptcy case in which this Court had *withdrawn* the reference to the Bankruptcy Court and explicitly tasked Judge Jernigan with handling pretrial proceedings much in the way a magistrate judge would.

discretion when consolidation will "serve the interests of justice" or "judicial economy."[17] Neither the interests of justice nor judicial economy will be served by granting the Motion to Consolidate.

As set forth above and in the Motion to Dismiss Stay Appeal, the Stay Appeal is constitutionally moot—there is no justiciable case or controversy. Consolidating the Stay Appeal and the appeal of the Dismissal Order would be pointless and wasteful. There's nothing to adjudicate in the Stay Appeal. Consolidating it with the appeal of the Dismissal Order without ruling on the Motion to Dismiss Stay Appeal will accomplish nothing.

*Remainder of page intentionally left blank*

---

[17] 10 COLLIER ON BANKRUPTCY ¶ 8003.09.

| | |
|---|---|
| Dated: April 25, 2022 | **PACHULSKI STANG ZIEHL & JONES LLP**<br>Jeffrey N. Pomerantz (CA Bar No. 143717)<br>John A. Morris (NY Bar No. 266326)<br>Gregory V. Demo (NY Bar No. 5371992)<br>Jordan A. Kroop (NY Bar No. 2680882)<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-6910<br>Facsimile: (310) 201-0760<br>Email: jpomerantz@pszjlaw.com<br>          jmorris@pszjlaw.com<br>          gdemo@pszjlaw.com<br>          jkroop@pszjlaw.com<br><br>-and-<br><br>**HAYWARD PLLC**<br><br>*/s/ Zachery Z. Annable*<br>Melissa S. Hayward (Texas Bar No. 24044908)<br>Zachery Z. Annable (Texas Bar No. 24053075)<br>10501 N. Central Expy, Ste. 106<br>Dallas, Texas 75231<br>Telephone: (972) 755-7100<br>Facsimile: (972) 755-7110<br>Email: MHayward@HaywardFirm.com<br>          ZAnnable@HaywardFirm.com<br><br>*Counsel for Highland Capital Management, L.P.* |

# CERTIFICATE OF COMPLIANCE WITH RULE 8013

The undersigned hereby certifies that this Motion complies with the type-volume limitation set by Rule 8013(f)(3) of the Federal Rules of Bankruptcy Procedure. This Motion contains 1,638 words.

*/s/ Zachery Z. Annable*
Zachery Z. Annable

## CERTIFICATE OF SERVICE

I hereby certify that, on April 25, 2022, a true and correct copy of the foregoing Motion was served electronically upon all parties registered to receive electronic notice in this case via the Court's CM/ECF system.

*/s/ Zachery Z. Annable*
Zachery Z. Annable

9