Case No. 3:21-cv-03129-N

# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

In re: HIGHLAND CAPITAL MANAGEMENT, L.P.,

        Reorganized Debtor.

THE CHARITABLE DAF FUND, L.P. and CLO HOLDCO, LTD.,

        Appellants,

    v.

HIGHLAND CAPITAL MANAGEMENT, L.P.,

        Appellee.

On Appeal from the United States Bankruptcy Court for the
Northern District of Texas, Dallas Division, Case No. 19-34054-sgj11
Hon. Stacey G. C. Jernigan

## APPELLEE'S BRIEF

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Jordan A. Kroop (NY Bar No. 2680882)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Under Rules 8012(a) and 8014(b) of the Federal Rules of Bankruptcy Procedure, no publicly-held corporation owns 10% or more of Appellee Highland Capital Management, L.P., which is not a corporation and which does not have a parent corporation.

## **TABLE OF CONTENTS**

**Page**

I.      JURISDICTIONAL STATEMENT .............................................................1

II.     STATEMENT OF ISSUE AND STANDARD OF REVIEW ......................1

III.    STATEMENT OF THE CASE ....................................................................2

IV.    SUMMARY OF THE ARGUMENT ...........................................................3

V.     BACKGROUND TO THE APPEAL ...........................................................4

      A.      Dondero Entities' Appeal of the Confirmation Order .........................4

      B.      The Filing of the Complaint and Referral to the Bankruptcy
           Court ................................................................................................5

      C.      The Bankruptcy Court Denies the Stay Motion and Grants the
           Motion to Dismiss ..........................................................................8

VI.    ARGUMENT ............................................................................................10

      A.      The Plan Injunction Did Not Enjoin Appellants; the Order
           Denying Stay Is Not an Advisory Opinion ......................................10

      B.      Appellants Cannot Demonstrate a Stay Is Warranted ......................12

VII.   CONCLUSION ..........................................................................................15

# TABLE OF AUTHORITIES

## CASES

*Adams v. Ga. Gulf Corp.*,
   237 F.3d 538 (5th Cir. 2001) ...................................................................................1

*Charitable DAF Fund, L.P. v. Highland Capital Mgmt., L.P. (In re Highland
   Capital Mgmt., L.P.)*,
   2022 Bankr. LEXIS 659 (Bankr. N.D. Tex. Mar. 11, 2022) ........................ 10, 15

*Earl v. Boeing Co.*,
   2021 U.S. Dist. LEXIS 50844 (E.D. Tex. Mar. 18, 2021) ...................................13

*Hamman v. Sw. Gas Pipeline, Inc.*,
   721 F.2d 140 (5th Cir. 1983) .................................................................................12

*In re Beebe*,
   1995 U.S. App. LEXIS 41303 (5th Cir. May 15, 1995) ........................................2

*In re Endeavour Highrise L.P.*,
   425 B.R. 402 (Bankr. S.D. Tex. 2010) ..................................................................11

*In re Highland Capital Mgmt., L.P.*,
   2021 Bankr. LEXIS 2074 (Bankr. N.D. Tex. Aug. 3, 2021) .................................5

*Landis v. N. Am. Co.*, 299 U.S. 24, 254-55 (1936) ............................................. 4, 14

*Miller Weisbrod, LLP v. Klein Frank, PC*,
   2014 U.S. Dist. LEXIS 82125 (N.D. Tex. Jun. 17, 2014) .............................. 2, 14

*Nken v. Holder*,
   556 U.S. 418, 4333 (2009) .....................................................................................2

*Smith v. Robbins (In re IFS Fin. Corp.)*,
   803 F.3d 195 (5th Cir. 2015) ..................................................................................2

*Trinity Indus. v. 188 L.L.C.*,
   2002 U.S. Dist. LEXIS 10701 (N.D. Tex. Jun. 13, 2002) ...................................14

*Voting for Am., Inc. v. Andrade*,
   488 Fed. Appx. 890 (5th Cir. 2012) .......................................................... 2, 4, 13

DOCS_NY:45715.7 36027/003

*Wallen v. Tauren Expl., Inc. (In re Cubic Energy, Inc.)*,
  603 B.R. 743 (Bankr. D. Del. 2019) ..................................................................12

*Wedgeworth v. Fibreboard Corp.*,
  706 F.2d 541 (5th Cir. 1983) ................................................................ 2, 4, 14

## **STATUTES**

28 U.S.C. § 157 ........................................................................... 7, 8, 11, 15

DOCS_NY:45715.7 36027/003

## I.   JURISDICTIONAL STATEMENT[1]

For the reasons set forth in *Appellee's Motion to Dismiss Appeal as Constitutionally Moot* (the "**Motion to Dismiss Stay Appeal**"),[2] this appeal is moot and non-justiciable. Accordingly, this Court lacks jurisdiction. Appellee Highland Capital Management, L.P., disagrees with Appellants' assertion that jurisdiction exists under 28 U.S.C. § 158(a) because of a relationship between this appeal and Appellants' appeal of the Dismissal Order.[3]

## II.   STATEMENT OF ISSUE AND STANDARD OF REVIEW

Appellee disagrees with Appellants' statement of the issue. The only issue is: Did the bankruptcy court abuse its discretion when it denied the Motion to Stay the Adversary Proceeding pending appeal of the Confirmation Order?

---

[1] Capitalized terms used but not defined in these introductory sections have the meanings given to them below.

[2] Docket No. 7.

[3] When entered on December 7, 2021, the Order Denying Stay was an interlocutory order not subject to appeal. *Adams v. Ga. Gulf Corp.*, 237 F.3d 538, 541 (5th Cir. 2001) ("A denial of a discretionary stay is not a final decision under the final judgment rule … Thus, the district court's denial of Oldham's motion to stay cannot be appealed to this court under § 1291."). The bankruptcy court entered the Dismissal Order on March 11, 2022, which fully and finally resolved the Adversary Proceeding.

The issue on appeal is not a question of law subject to *de novo* review. Whether to grant a stay is a matter of judicial discretion.[4] This Court reviews the bankruptcy court's order for abuse of discretion.[5]

## III.   STATEMENT OF THE CASE

Appellee generally agrees with Appellants' recitation of the facts required to be identified in Bankruptcy Rule 8014(a)(6). Appellee disagrees with statements Appellants present as fact but which are obviously argument. Appellants omit essential facts such as:

- Appellants knowingly sought to avoid bankruptcy court jurisdiction by filing their Complaint in this Court rather than the bankruptcy court;

- Appellants knew of the Plan and Confirmation Order when they filed their Complaint in this Court but made no mention of the Plan injunction, the Confirmation Order, or Appellee's bankruptcy proceeding;

- Appellants fully briefed and responded to the Motion to Dismiss the Complaint in this Court but made no mention of the Plan injunction or Confirmation Order;

---

[4] *Nken v. Holder*, 556 U.S. 418, 4333 (2009) ("[A stay pending appeal] is instead 'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'") (citations omitted); *Voting for Am., Inc. v. Andrade*, 488 Fed. Appx. 890, 893 (5th Cir. 2012) (same); *see also Miller Weisbrod, LLP v. Klein Frank, PC,* 2014 U.S. Dist. LEXIS 82125, at *7 (N.D. Tex. Jun. 17, 2014) ("[A] district court has broad discretion when determining whether to grant a stay pursuant to its inherent powers.") (citing *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983)).

[5] *Smith v. Robbins (In re IFS Fin. Corp.)*, 803 F.3d 195, 203 (5th Cir. 2015) ("We review the district court's decision to deny a stay pending appeal for abuse of discretion."); *In re Beebe*, 1995 U.S. App. LEXIS 41303, at *7 (5th Cir. May 15, 1995) ("We review the district court's decision to impose a [discretionary] stay only to determine whether there has been an abuse of discretion").

- Appellants filed the Motion to Stay in this Court raising the Plan injunction for the first time, but the portion of the Plan injunction cited was not appealed[6] and the Motion to Stay misinterpreted the effect of the Plan injunction;

- this Court referred the Complaint, the Motion to Stay, and the Motion to Dismiss to the bankruptcy court for adjudication pursuant to the standing Order of Reference;

- the bankruptcy court found Appellants entirely failed to carry their burden for a stay and that the Plan injunction did not enjoin prosecution of the Complaint or defense of the Motion to Dismiss;

- Appellants were not enjoined by the Plan injunction and fully responded to, and argued, the Motion to Dismiss in the bankruptcy court; and

- the bankruptcy court held the underlying action was barred by collateral and judicial estoppel and never addressed the effect of the Plan injunction or federal securities laws when dismissing the Complaint.

## IV.  SUMMARY OF THE ARGUMENT

Appellants' Motion to Stay sought a stay of their own Adversary Proceeding pending appeal of the *Order (i) Confirming the Fifth Amended Plan of Reorganization (as Modified) and (ii) Granting Related Relief* (the "**Confirmation Order**"),[7] which confirmed *Debtor's Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* (the "**Plan**").[8] But Appellants never objected to the Plan, appealed the Confirmation Order, or sought a stay of the Confirmation

---

[6] The appeal of the Confirmation Order by other entities addresses only whether the "gatekeeper" provision in the Plan injunction is permissible. No party objected to or appealed the provision of the Plan injunction behind which Appellants now seek to hide.

[7] ROA 1888-2053, *In re Highland Capital Mgmt., L.P.*, Case No. 19-34054-sgj11, Bankr. N.D. Tex. ("**Bankruptcy Docket**").

[8] ROA 1989-2053, Bankruptcy Docket No. 1943-1.

DOCS_NY:45715.7 36027/003

Order pending appeal. Appellants also have never addressed any of the four factors required for a stay pending appeal[9] or the balance-of-the-interests test required for a discretionary stay.[10] Appellants ignore this case law in their brief to this Court as well.

Appellants' appeal also materially misstates the facts. Appellants were never enjoined from prosecuting the Complaint (indeed they filed and served it after the Confirmation Order was entered) or defending the Motion to Dismiss and were given every opportunity to make their case. They did so but did not prevail. The bankruptcy court did not err when it denied the Motion to Stay nor was its denial an "advisory opinion."

## V.    BACKGROUND TO THE APPEAL

### A.    Dondero Entities' Appeal of the Confirmation Order

The only entities that appealed the Confirmation Order were entities (like NexPoint Advisors, L.P.) owned or controlled by James Dondero[11]—Highland's

---

[9] *Voting for Am.*, 488 Fed. Appx. at 893 ("The standards for granting a stay pending appeal are well-established: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits, (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies'") (citations omitted).

[10] *See, e.g., Wedgeworth*, 706 F.2d at 544 (granting a discretionary stay "'calls for the exercise of judgment, which must weigh competing interests and maintains an even balance'") (quoting *Landis v. N. Am. Co.*, 299 U.S. 24, 254-55 (1936)).

[11] *See* ROA 1917 (finding each of the objecting parties was "marching pursuant to the orders of Mr. Dondero"). The Confirmation Order also found that Mr. Dondero and his controlled entities were objecting to the Plan not to protect their economic interests but simply to be "disruptors" and to "burn down the place." ROA 1914-15, 1953-54.

4

founder and former president, who was removed from control by bankruptcy court order.[12] Appellants[13] did not object to the Plan, did not appeal the Confirmation Order, and did not seek a stay of the Confirmation Order pending appeal.

### B.     The Filing of the Complaint and Referral to the Bankruptcy Court

Two months *after* entry of the Confirmation Order, Appellants commenced the adversary proceeding captioned *The Charitable DAF Fund, L.P., et al v. Highland Capital Management, L.P., et al.*, Adv. Proc. No. 21-03067-sgj (Bankr. N.D. Tex. 2021) (the "**Adversary Proceeding**") by erroneously filing the *Original Complaint* (the "**Complaint**")[14] in this Court.[15] The Adversary Proceeding should have been filed in the bankruptcy court under this Court's *Miscellaneous Order No. 33* (the "**Order of Reference**"), which refers all "cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 … to the Bankruptcy Judges of this district …."

Highland moved to enforce the Order of Reference (the "**Motion to Enforce**") and to refer the Complaint to the bankruptcy court. Highland also moved to dismiss

---

[12] Bankruptcy Docket No. 339. Mr. Dondero was forced to resign from all positions at Highland in October 2020 after Highland's independent management determined he was taking actions that were detrimental to Highland's estate.

[13] Appellants are "charitable" foundations founded by Mr. Dondero.

[14] ROA 480-505.

[15] Appellants' actions in this Court led to Appellants, their counsel (Sbaiti & Company, PLLC), and Mr. Dondero, among others, being held in contempt by the bankruptcy court. *In re Highland Capital Mgmt., L.P.*, 2021 Bankr. LEXIS 2074 (Bankr. N.D. Tex. Aug. 3, 2021).

the Complaint, arguing, among other things, that (a) it impermissibly sought to re-litigate a settlement agreement approved by the bankruptcy court in January 2021 under Bankruptcy Rule 9019; (b) it was barred by *res judicata*; and (c) Appellants were estopped from pursuing the claims asserted in the Complaint (the "**Motion to Dismiss**").

On August 11, 2021—four months after the Complaint was filed—the Plan became effective.[16]

Before the Motion to Enforce and the Motion to Dismiss were heard, Appellants filed *Plaintiffs' Motion to Stay All Proceedings* (the "**Motion to Stay**") on August 26, 2021,[17] seeking a stay of all proceedings pending appeal of the Confirmation Order. The Motion to Stay raised for the first time Appellants' contention that the injunction and exculpation provisions in the Plan affected Appellants' ability to prosecute the Complaint.

The Motion to Enforce, the Motion to Dismiss, and the Motion to Stay were *all* fully briefed to this Court.

In their response to the Motion to Enforce,[18] Appellants argued that enforcement of the reference would be wasteful since this Court, rather than the

---

[16] ROA 1769-77, Bankruptcy Docket No. 2700. Any assertion that the Plan's effective date occurred before August 11, 2021, is wrong.

[17] ROA 516-21, *Charitable DAF Fund, L.P., et al. v. Highland Capital Mgmt., L.P., et al.*, Case No. 3:21-CV-00842-B, Docket No. 55 (N.D. Tex. Aug. 26, 2021).

[18] ROA 1839-64.

DOCS_NY:45715.7 36027/003

bankruptcy court, must adjudicate the Complaint because it implicated federal securities laws and because withdrawal of the reference was mandatory under 28 U.S.C. § 157(d).[19]

Appellants fully responded to the Motion to Dismiss without mentioning the Plan.

On September 20, 2021, this Court entered an order enforcing the Order of Reference, referring the Complaint and all related proceedings (including the Motion to Dismiss and the Motion to Stay) to the bankruptcy court for adjudication, and directing the bankruptcy court to docket the matter as an adversary proceeding.[20] Nothing in this Court's order characterized the Complaint and related pleadings as anything other than a matter completely within the bankruptcy court's jurisdiction. By granting the Motion to Enforce, this Court implicitly recognized that mandatory withdrawal of the reference under 28 U.S.C. § 157(d) did not apply.

On September 29, 2021, the bankruptcy court opened the Adversary Proceeding to adjudicate the Complaint and related matters.

---

[19] *See* 28 U.S.C. § 157(d)  ("The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.")

[20] ROA 1837, *Charitable DAF Fund, L.P., et al v. Highland Capital Mgmt., L.P., et al.*, Case No. 3:21-CV-00842-B, Docket No. 64 (N.D. Tex. Sept. 20, 2021).

DOCS_NY:45715.7 36027/003

### C.    The Bankruptcy Court Denies the Stay Motion and Grants the Motion to Dismiss

The bankruptcy court scheduled a hearing on the Motion to Stay and the Motion to Dismiss for November 23, 2021.[21] On November 18, 2021—five days before the hearing—Appellants, without leave of the bankruptcy court, filed their amended Motion to Stay (the "**Amended Motion to Stay**"),[22] arguing, for the first time, that the Plan injunction would render any order denying the Motion to Stay an "advisory opinion" and regurgitating the arguments for mandatory withdrawal of the reference premised on federal securities law previously rejected by this Court.[23]

On November 23, 2021, the bankruptcy court held a day-long hearing on the Amended Motion to Stay and the Motion to Dismiss. The bankruptcy court orally denied the Amended Motion to Stay,[24] finding among other things, that: (a) Appellants had entirely failed to carry their burden of showing a stay was warranted; (b) the Stay Motion was premised on "a misunderstanding of how the

---

[21] ROA 532-36, *Charitable DAF Fund, L.P., et al v. Highland Capital Mgmt., et al. (In re Highland Capital Mgmt., L.P.)*, Adv. Proc. No. 21-03067-sgj ("**Adv. Docket**"), Adv. Docket No. 66 (Bankr. N.D. Tex. Oct. 19, 2021).

[22] ROA 537-557, Adv. Docket No. 69. Appellants chose to file the Amended Motion to Stay rather than seeking leave to withdraw their Complaint without prejudice, amending their response to the Motion to Dismiss, seeking leave to file their motion to enforce the reference, or seeking an adjournment of the hearing to allow them to do any of the foregoing.

[23] Appellants attached a draft motion to withdraw the reference under 28 U.S.C. § 157(d) to the Amended Motion to Stay, which copied nearly verbatim their previously rejected response to the Motion to Enforce. *Cf.* ROA 544-57, Adv. Docket No. 69-1 *with* ROA 1839-64, Adv. Docket No. 36.

[24] On December 7, 2021, the bankruptcy court entered its *Order Denying Motion to Stay*, which denied the Motion to Stay. ROA 4-5, Adv. Docket No. 81 (the "**Order Denying Stay**").

8

[Plan] injunction language and exculpation language applies here;" and (c) the Plan injunction did *not* impede or in any way enjoin Appellants' prosecution of the Complaint or defense of the Motion to Dismiss.[25]

After the bankruptcy court ruled the Plan injunction did not enjoin Appellants, the parties argued the fully-briefed Motion to Dismiss, and the bankruptcy court took the matter under advisement. On March 11, 2022, the bankruptcy court entered its *Memorandum Opinion and Order Granting Motion to Dismiss the Adversary Proceeding* (the "**Dismissal Order**"), holding that the Complaint was barred by collateral and judicial estoppel and dismissing the Complaint with prejudice.[26]

The Dismissal Order was not premised on the Plan, the Confirmation Order, or federal securities laws. Although Appellants subsequently appealed the Dismissal Order, the only issue in that appeal is whether the bankruptcy court correctly applied collateral and judicial estoppel.

---

[25] *See* ROA 2087 ("The motion to stay is denied. The amended motion to stay is likewise denied. This is an odd argument. I guess one might say the traditional four-factor test for a stay of a proceeding has really not been the subject of the argument here for a stay. So suffice it to say the four-prong test for a stay, you know, hasn't been met here…. I just don't think that you have shown that, you know, either the exculpation clause or the injunction provisions of the plan somehow tie your hands in arguing the 12(b)(6) motion, defending against the 12(b)(6) motion today or I just think that your arguments reflect, frankly, a misunderstanding of how the injunction language and exculpation language applies here.").

[26] *Charitable DAF Fund, L.P. v. Highland Capital Mgmt., L.P. (In re Highland Capital Mgmt., L.P.)*, 2022 Bankr. LEXIS 659, at *34, 38-39 (Bankr. N.D. Tex. Mar. 11, 2022).

9

## VI.    ARGUMENT

### A.    The Plan Injunction Did Not Enjoin Appellants; the Order Denying Stay Is Not an Advisory Opinion

Under the Plan and Confirmation Order, "Enjoined Parties"—including Appellants—are prohibited from pursuing or continuing actions of any kind against Appellee *outside of the bankruptcy court*.[27] But if a claim arose after Appellee's bankruptcy petition date (October 16, 2019) and before the Plan's effective date (August 11, 2021), parties could assert those claims *in the bankruptcy court* by filing an administrative claim.[28]

Here, the claims asserted in the Complaint, arising after October 16, 2019, and before August 11, 2021, constituted administrative claims which should have been filed with the bankruptcy court under 11 U.S.C. § 503[29] and adjudicated in the bankruptcy court as part of the claims-allowance process.[30] Because this Court correctly enforced the Order of Reference, the Complaint (and all related matters) were being adjudicated in the bankruptcy court as required by the Plan and the

---

[27] ROA 2044

[28] ROA 2366-67.

[29] *See In re Endeavour Highrise L.P.*, 425 B.R. 402, 419 (Bankr. S.D. Tex. 2010) ("a party asserting a post-petition claim should file an application with the court and request an order establishing the claim as an allowed administrative claim or an allowed post-petition claim pursuant to a particular statute").

[30] A request for payment of an administrative claim is a core proceeding under 28 U.S.C. §§ 157(B)(2)(A) and (O) and arises in and under title 11.

Confirmation Order, and, consequently, their prosecution was not enjoined or affected by the Plan injunction.

The bankruptcy court reiterated this unremarkable proposition when it found the Plan injunction did not enjoin prosecution of the Complaint or defense of the Motion to Dismiss and when it allowed Appellants to argue their case on the merits.[31]

Appellants' meritless contention that the Plan and Confirmation Order "permanently enjoin[ed]" Appellants from prosecuting the Complaint or "effectively terminate[d] the case" grossly mischaracterizes both what happened in the bankruptcy court and the Confirmation Order and is not supported by the record. Rather, the record is more than clear that Appellants had every opportunity to participate in the prosecution of the Complaint and Motion to Stay and in defense of the Motion to Dismiss *with permission of the bankruptcy court*.[32] And they did so in the bankruptcy court, in public, and on the record. Appellants' insistence that none of that happened is troubling.

---

[31] *See* ROA 2087.

[32] Contrary to their statements to this Court, Appellants knew they were not enjoined from arguing the Motion to Dismiss and fully and completely presented their arguments to the bankruptcy court. *See, e.g.,* ROA 2086 ("And if the Court tells us [the Plan injunction does not apply], then we'll certainly argue the 12(b)(6). But what I don't want to do is argue a 12(b)(6) that on its face appears to violate the permanent injunction and then be held in contempt for violating that injunction."); *see also* ROA 2090-162.

Similarly, there is no merit to Appellants' contention that the Order Denying Stay was an "advisory opinion."[33] This argument is premised on Appellants' unsupported assertion that they were enjoined by the Plan injunction from presenting their case when the bankruptcy court told Appellants the exact opposite.[34] Appellants had—and took advantage of—every opportunity to prosecute their Complaint and defend the Motion to Dismiss.

## B.   Appellants Cannot Demonstrate a Stay Is Warranted

Appellants fail to articulate the standard they are required to satisfy for a stay. There are, however, only two ways to obtain the relief requested.

*First*, Appellants could have sought a stay pending appeal. A stay pending appeal requires Appellants[35] to satisfy a strict four-pronged test: (1) substantial likelihood of success on the appeal's merits; (2) irreparable injury if the stay is not

---

[33] Had the Confirmation Order somehow rendered the Adversary Proceeding non-justiciable, Appellants' remedy would not have been to stay the Adversary Proceeding but to dismiss it. Instead, Appellants chose to ask the court that issued the injunction whether the injunction enjoined the Adversary Proceeding and were told that it did not. The relief granted to Appellants by the bankruptcy court represents a justiciable case or controversy as it is case dispositive. *See, e.g., Wallen v. Tauren Expl., Inc. (In re Cubic Energy, Inc.)*, 603 B.R. 743, 754-55 (Bankr. D. Del. 2019) (finding opinion determining whether a release bars "claims that have actually been asserted" was not an advisory opinion as it addressed actual, rather than hypothetical, claims).

[34] Appellants' cases say nothing applicable to Appellants' arguments. For example, in *Hamman*, the court held it could not issue an order regarding whether a pipeline violated certain guidelines when a prior court had already determined the guidelines didn't apply. *Hamman v. Sw. Gas Pipeline, Inc.*, 721 F.2d 140, 143-44 (5th Cir. 1983). That is the opposite of this case. No court had previously considered, much less ruled, that the Plan injunction barred the Complaint. The bankruptcy court considered that issue for the first time and found Appellants were *not* enjoined.

[35] As the moving party, Appellants "bear[] the burden of establishing its need," and "must 'make out a clear case of hardship or inequity in being required to go forward.'" *Earl v. Boeing Co.*, 2021 U.S. Dist. LEXIS 50844, at *9 (E.D. Tex. Mar. 18, 2021) (internal quotations omitted).

granted; (3) the stay will not substantially harm other parties; and (4) the stay would serve the public interest.[36] But nowhere—not in the Motion to Stay or Amended Motion to Stay, not in the argument to the bankruptcy court, and not in anything filed initially or on appeal in this Court—do Appellants address, let alone satisfy, the foregoing elements. Appellants cannot satisfy even one of these prongs. They did not object to or appeal the Confirmation Order and cannot seek a stay of the Adversary Proceeding based on an appeal they're not a part of and which doesn't challenge the Plan injunction about which Appellants now complain. Appellants have no chance of succeeding in an appeal to which they are not a party. Appellants do not even mention the other three prongs. For this reason alone, the bankruptcy court did not abuse its discretion in denying the stay.

*Second*, Appellants could have requested a stay under the bankruptcy court's general discretionary powers.[37] A discretionary stay requires that Appellants[38] show the "balancing of the competing interests … weighs in favor of granting a stay."[39] "However, the Supreme Court has characterized the circumstances in which a stay

---

[36] *See, e.g., Voting for Am.*, 488 Fed. Appx. at 893.

[37] *Wedgeworth*, 706 F.2d at 543-44.

[38] *Id.*, at 545 ("The party seeking a stay bears the burden of justifying a delay tagged to another legal proceeding. . . ."); *see also Trinity Indus. v. 188 L.L.C.*, 2002 U.S. Dist. LEXIS 10701, at *7 (N.D. Tex. Jun. 13, 2002) (same).

[39] *Wedgeworth*, 706 F.2d at 545; *see also Miller*, 2014 U.S. Dist. LEXIS 82125, at *6-7 ("In deciding whether to exercise the discretion to stay litigation, the Court should consider the interests of each party, as well as the conservation of judicial resources.").

13

is appropriate as 'rare' and has insisted that 'the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one [*sic*] else.'"[40]

Here, the "competing interests" do not favor a discretionary stay. Appellants' argument is predicated on the Plan injunction having enjoined the Adversary Proceeding. As set forth above, there is no truth to that assertion. Furthermore, the appeal of the Dismissal Order—which is what Appellants really want to stay—will address only whether the bankruptcy court correctly applied collateral and judicial estoppel and will not implicate the Plan, the Confirmation Order, or federal securities laws.[41] There is no basis to stay this proceeding and doing so will harm Appellee— a reorganized debtor seeking to wind down its estate and distribute proceeds to its creditors timely and efficiently. The bankruptcy court's Order Denying Stay should be affirmed.

---

[40] *Miller*, 2014 U.S. Dist. LEXIS 82125, at *6 (quoting *Landis*, 299 U.S. at 255).

[41] Appellants' argument for mandatory withdrawal of the reference is also nonsensical. Mandatory withdrawal only applies when "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or affecting interstate commerce." 28 U.S.C. § 157(d). The Complaint was dismissed on collateral and judicial estoppel grounds. *Charitable DAF*, 2022 Bankr. LEXIS 659, at *34, 38-39.  Federal law, including securities law, was irrelevant to that decision and will be irrelevant in any appeal of that decision.

14

## VII.  CONCLUSION

For the reasons stated in the Motion to Dismiss Stay Appeal, this Court should dismiss this appeal as moot. If not, and this Court reaches the merits of this appeal, the Court should affirm the bankruptcy court's Order Denying Stay.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

15

Dated:  May 20, 2022.

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Jordan A. Kroop (NY Bar No. 2680882)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
      jmorris@pszjlaw.com
      gdemo@pszjlaw.com
      jkroop@pszjlaw.com

-and-

**HAYWARD PLLC**
*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

16

## <u>CERTIFICATE OF COMPLIANCE</u>

Under Bankruptcy Rules 8014(b) and 8015, I certify that this brief complies

with the type-volume limitation contained in Bankruptcy Rule 8015(a)(7)(B)(i)

because it contains 3,970 words, not including the parts of the brief excluded under

Bankruptcy Rule 8015(g).

*/s/ Zachery Z. Annable*
Zachery Z. Annable

17

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on May 20, 2022, a true and correct copy of the foregoing brief was served electronically upon all parties registered to receive electronic notice in this case via the Court's CM/ECF system.

*/s/ Zachery Z. Annable*
Zachery Z. Annable

18