Case No. 3:21-cv-03129-N

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

THE CHARITABLE DAF FUND, L.P.
and CLO HOLDCO, LTD.,

*Appellants,*

v.

HIGHLAND CAPITAL MANAGEMENT, L.P.,

*Appellee.*

In Re; Highland Capital Management, L.P.,
*Debtor.*

On Appeal from the United States Bankruptcy Court for the Northern District of Texas, Adversary No. 21-03067-sg, Hon. Stacey G.C. Jernigan, Presiding

REPLY BRIEF OF APPELLANTS THE CHARITABLE DAF
FUND, L.P. AND CLO HOLDCO, LTD.

Mazin A. Sbaiti
Jonathan Bridges
Sbaiti & Company PLLC
JPMorgan Chase Tower
2200 Ross Avenue – Suite 4900W
Dallas, TX  75201
T:  (214) 432-2899
F:  (214) 853-4367

Counsel for Appellants

The Charitable Donor Advised Fund (the "DAF") and CLO Holdco, Ltd. ("Holdco") respectfully submit this brief reply in support of their Appeal of the bankruptcy court denial of a stay.

While the Debtor Highland Capital Management, L.P. contends here that the underlying lawsuit is not precluded by the final plan injunction—indeed, Appellants are surprised to read such an admission—Appellants are duly concerned that the Debtor is speaking out of both sides of its mouth.

*First*, Highland contends that this lawsuit is an administrative expense claim under the Final Plan Injunction. But the definition of an "Administrative Expense Claim" under the Fifth Amended Plan of Reorganization is:

> [A]ny Claim for costs and expenses of administration of the Chapter 11 Case that is Allowed pursuant to sections 503(b), 507(a)(2), 507(b) or 1114(2) of the Bankruptcy Code, including, without limitation, (a) the actual and necessary costs and expenses incurred after the Petition Date and through the Effective Date of preserving the Estate and operating the business of the Debtor; and (b) all fees and charges assessed against the Estate pursuant to sections 1911 through 1930 of chapter 123 of title 28 of the United States Code, and that have not already been paid by the Debtor during the Chapter 11 Case and a Professional Fee Claim.

*See* Fifth Amended Plan of Reorganization p. 2, (§ B.2). ROA_001996. The term "Claim" is defined coterminous with the Bankruptcy Code, 11 U.S.C. § 101(5).[1] *Id.*

---

[1] A 'Claim' in bankruptcy is defined as: "(A) right to payment, whether or not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (B) right to an equitable remedy for breach of

1

Thus, while the claims in the underlying lawsuit are "claims" as defined by the Bankruptcy Code 11 U.S.C. § 101(5), it is plain that the universe of Administrative Expense Claims is narrower than any Claim. According to the definition in the Fifth Plan of Reorganization, it is limited to "Claim[s] for costs and expenses of administration of the Chapter 11 Case."

Nothing in the Debtor's Response Brief shows how the claims fall under that definition, and we are rightly concerned that the term will come to mean whatever the Debtor needs it to mean. Indeed, nothing in the record shows that either the Debtor or the bankruptcy court has converted the lawsuit—currently styled an adversary suit in the bankruptcy court—into an Administrative Expense Claim. It is unclear whether the Debtor or its counsel now wield the degree of influence to make something "so" in the bankruptcy court just because they deem it to be.

Notwithstanding all of that, prudence counseled in favor of a stay pending the Fifth Circuit ruling. Should the Fifth Circuit reverse the Fifth Plan of Reorganization, then the overhang of the injunction would be less chilling, and any question about the court's jurisdiction or the propriety of a ruling on the merits would be gone.

***Second***, Highland contends that Appellants failed to meet a wholly inapplicable four-factor test for obtaining a stay pending appeal. This argument

---

performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." 11 U.S.C. § 101(5).

2

misses the mark because Appellants do not ask to stay the effect of the injunction at issue (a stay pending appeal) but rather to stay the case because the injunction has become effective[2] and rendered the case non-justiciable.

For these reasons, Appellants respectfully submit that the bankruptcy court should be reversed.

Dated:  June 3, 2022                                         Respectfully submitted,

                                                                **SBAITI & COMPANY PLLC**

*/s/ Jonathan Bridges*
**Mazin A. Sbaiti**
Texas Bar No. 24058096
**Jonathan Bridges**
Texas Bar No. 24028835
JPMorgan Chase Tower
2200 Ross Avenue – Suite 4900W
Dallas, TX  75201
T:  (214) 432-2899
F:  (214) 853-4367
E:  mas@sbaitilaw.com
    jeb@sbaitilaw.com

*Counsel for Appellants*

---

[2] The Fifth Amended Plan of Reorganization, including the injunction at issue, was not effective when Appellants filed suit and would not have become effective until all appeals were finally resolved, according to its terms, but for Highland's August 9, 2021, waiver making the plan effective immediately and leading immediately to Appellants' stay motion. *See* Opening Brief at 3.

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2022, a true and correct copy of the foregoing was served via the Court's CM/ECF system on counsel for Appellee and all other parties.

*/s/ Jonathan Bridges*
Jonathan Bridges

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the type-volume limitations of Federal Rule of Bankruptcy Procedure ("Rule") 8015(h) as it contains 661 words, excluding the portions of the document exempted by Rule 8015(g).

I further certify that this document complies with the typeface requirements of Rule 8015(a)(5) and the type style requirements of Rule 8015(a)(7)(B) because it has been prepared in a proportionally-spaced typeface using Microsoft Word in 14 point Times New Roman.

*/s/ Jonathan Bridges*
Jonathan Bridges