UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| **HIGHLAND CAPITAL** | § | |
| **MANAGEMENT, L.P.,** | § | |
| | § | |
| Debtor, | § | |
| ------------------------------------------- | § | |
| **THE CHARITABLE DAF FUND, L.P.** | § | |
| **and CLO HOLDCO, LTD.,** | § | |
| | § | |
| Plaintiffs/Appellants, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-CV-3129-B |
| | § | |
| **HIGHLAND CAPITAL** | § | |
| **MANAGEMENT, L.P.,** | § | |
| | § | |
| Defendant/Appellee. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Highland Capital Management, L.P. ("Appellee")'s Motion to Dismiss (Doc. 7) and The Charitable DAF Fund, L.P.'s and CLO Holdco, Ltd.'s (collectively, the "Appellants") Motion to Consolidate (Doc. 9). The latter motion requests consolidation of this action *The Charitable DAF Fund, L.P., et al., v. Highland Capital Management, L.P.*, Case No. 3:21-CV-3129-B (the "Stay Order Appeal") with *The Charitable DAF Fund, L.P., et al., v. Highland Capital Management, L.P., et al.*, Case No. 3:22-CV-0695-B (the "Dismissal Order Appeal"). For the reasons stated below, the Motion to Dismiss is **DENIED** and the Motion to Consolidate is **GRANTED** pursuant to Federal Rule of Bankruptcy Procedure 8003(b)(2).

I.

BACKGROUND

This is a bankruptcy appeal. The below Adversary Proceeding stems from the complaint filed on April 12, 2021, by Appellants in this Court in *Charitable DAF Fund, L.P. et al. v. Highland Capital Management, L.P., et al.*, Case No. 3:21-CV-0842-B. Doc. 7, Appellee's Mot. Dismiss, 1. On September 20, 2021, this Court referred that case to the bankruptcy court for "docket[ing] as an Adversary Proceeding associated with the consolidated Chapter 11 Bankruptcy of Highland Capital Management, L.P." Order of Reference, *Charitable DAF Fund, L.P. v. Highland Cap. Mgmt., L.P.*, No. 3:21-CV-0842-B (N.D. Tex. Sept. 20, 2021), Doc. 64.

On November 23, 2021, the bankruptcy court held a hearing on a pending motion to stay by Appellants and a motion to dismiss by the Appellee. Hr'g, *In re Highland Cap. Mgmt., L.P.*, No. 21-3067 (Bankr. N.D. Tex. Nov. 23, 2021), Doc. 75; Hr'g, *In re Highland Cap. Mgmt., L.P.*, No. 21-3067 (Bankr. N.D. Tex. Nov. 23, 2021), Doc. 77. The bankruptcy court denied the motion to stay on December 7, 2021, and Appellants promptly appealed. Order Den. Stay, *In re Highland Cap. Mgmt., L.P.*, No. 21-3067 (Bankr. N.D. Tex. Dec. 7, 2021), Doc. 81; Notice of Appeal, *In re Highland Cap. Mgmt., L.P.*, No. 21-3067 (Bankr. N.D. Tex. Dec. 10, 2021), Doc. 86. Then, on March 11, 2022, the bankruptcy court granted the motion to dismiss and dismissed the complaint with prejudice. Order Granting Mot. Dismiss, *In re Highland Cap. Mgmt., L.P.*, No. 21-3067 (Bankr. N.D. Tex. Mar. 11, 2022), Doc. 100. Once again, Appellants promptly appealed. Notice of Appeal, *In re Highland Cap. Mgmt., L.P.*, No. 21-3067 (Bankr. N.D. Tex. Mar. 21, 2022), Doc. 104.

Appellee moved to dismiss the Stay Order Appeal on March 28, 2022, arguing that the Dismissal Order mooted the Stay Order Appeal. Doc. 7, Appellee's Mot. Dismiss. On April 18, 2022,

Appellants moved to consolidate the Stay Order Appeal with the Dismissal Oder Appeal. Doc. 9, Appellants' Mot. Consolidate. These separate appeals were transferred to this Court on June 7, 2022, and June 9, 2022. Doc. 19, Order Reassigning Case; Doc. 10, Order Reassigning Case, (3:22-CV-0695-B). The motions are fully briefed and ripe for review. The Court considers them below.

## II.

## LEGAL STANDARD

"A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (citations and quotation marks omitted). "[E]ven when the 'primary relief sought is no longer available,' 'being able to imagine an alternative form of relief is all that's required to keep a case alive.'" *Dierlam v. Trump*, 977 F.3d 471, 476–77 (5th Cir. 2020) (quoting *Univ. of Notre Dame v. Sebelius*, 743 F.3d 547, 553 (7th Cir. 2014), *judgment vacated sub nom. Univ. of Notre Dame v. Burwell*, 575 U.S. 901 (2015)). "This means that a court analyzing mootness in the early stages of litigation need only ask whether the plaintiff's requested relief is 'so implausible that it may be disregarded on the question of jurisdiction.'" *Id.* at 477 (quoting *Chafin v. Chafin*, 568 U.S. 165, 177 (2013)).

## III.

## ANALYSIS

Before deciding whether to consolidate these separate appeals under Federal Rule of Bankruptcy Procedure 8003(b)(2), the Court must address Appellee's mootness argument in case number 3:21-cv-3129-B.

A.       *Appellee's Motion to Dismiss the Appeal of the Stay Order as Moot*

"Whether an appeal is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy." *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). Thus, "if an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)).

Appellee contends that such an event occurred when the bankruptcy court dismissed the Adversary Proceeding with prejudice, thus, the appeal of the order denying a stay of the case is now moot. Doc. 7, Appellee's Mot. Dismiss, 1. Because "there is no longer a case or controversy and there is no relief this Court could grant with respect to the Stay Order," the appeal is moot, according to Appellee. *Id.* at 5. Further, Appellee contends that this case resembles *Benavides v. Housing Authority* because "[t]he Adversary Proceeding has been completely 'demolished' by the Dismissal Order" and "[t]his Court . . . cannot rebuild it." Doc. 12, Appellee's Reply, 4–5 (citing *Benavides v. Housing Auth.*, 238 F.3d 667, 669–70 (5th Cir. 2001)).

Appellants argue that the appeal is not moot because a case or controversy still exists between the parties that the Court can redress. Doc. 10, Appellants' Resp., 4. If this Court reverses the bankruptcy court's dismissal order, then this Court could reverse the bankruptcy court's denial of a stay and redress Appellants' injury, according to Appellants. *Id.* at 5–6 (citing *Benavides*, 238 F.3d at 669–70). Further, Appellants claim that the bankruptcy court lacked subject matter jurisdiction to enter the dismissal order because no case or controversy existed between the parties while the Appellants were enjoined from participating in the Adversary Proceeding. *Id.* at 5. (first citing *United*

*States v. Denedo*, 556 U.S. 904, 911 (2009); then citing *Lower Colo. River Auth. v. Papalote Creek II, L.L.C.*, 858 F.3d 916, 927 (5th Cir. 2017); and then citing *Hamman v. Sw. Gas Pipeline, Inc.*, 721 F.2d 140, 143–44 (5th Cir. 1983)).

In *Benavides*, former residents of a public housing project sought a temporary restraining order and permanent injunction to stop the demolition of a public housing project. 238 F.3d at 668. The Fifth Circuit dismissed the appeal as moot because "[a] substantial portion of the demolition ha[d] occurred." *Id.* at 669. No "theoretical relief" existed for the plaintiff because the court could not provide any possible relief to affect the substantially demolished public housing project. *Id.* at 670.

Here the Court could reverse the bankruptcy court's Dismissal Order and then the Stay Order, so theoretical relief exists. This is not an instance where a party failed to seek a stay from the bankruptcy court and the sale of the bankruptcy property rendered the district court powerless to grant relief.[1] *Cf. Am. Grain Assoc. v. Lee-Vac, Ltd.*, 630 F.2d 245 (5th Cir. Unit A Nov. 1980). While dismissed with prejudice, Appellants' claims have not been "demolished" so this court could theoretically provide relief to Appellants. *See Benavides*, 238 F.3d at 670. Stated differently, relief is not impossible. *See Knox*, 567 U.S. at 307; *Church of Scientology of Cal.*, 506 U.S. at 12.

The Court finds the following cases persuasive on this issue. In *In re Jiminez*, the Ninth Circuit Bankruptcy Appellate Panel held that an appeal from relief of a Stay Order was not moot despite the subsequent Dismissal Order. 613 B.R. 537, 544 (B.A.P. 9th Cir. 2020). The Deed of Trust

---

[1] This type of mootness—most often arising in the bankruptcy context—is commonly referred to as "equitable mootness" and is distinguishable from constitutional mootness. *See In re Pac. Lumber Co.*, 584 F.3d 229, 240 (5th Cir. 2009) ("Equitable mootness is a kind of appellate abstention that favors the finality of reorganizations and protects the interrelated multi-party expectations on which they rest. . . . Article III mootness concerns arise when a judicial ruling would have no effect; equitable mootness applies when a judicial ruling might have too much effect on the parties to a confirmed reorganization."); *Abengoa Bioenergy Biomass of Kan., LLC*, 958 F.3d 949, 955 (10th Cir. 2020) ("Equitable mootness is a judicially-created doctrine of abstention that permits the dismissal of bankruptcy appeals where confirmed plans have been substantially completed and reversal would prove inequitable or impracticable.").

beneficiary moved the bankruptcy court for relief from the § 362 automatic stay and the court granted the motion to allow the Deed of Trust beneficiary to foreclose on the debtor's home. *Id.* at 541–42. The bankruptcy court subsequently entered a Dismissal Order to dismiss the bankruptcy case because the debtor failed to remedy several case deficiencies. *Id.* at 542. Because of the timely appeal from *both* orders, "the Stay Relief Order was not moot because the Panel had the power to restore the bankruptcy and reverse the Stay Relief Order." *Id.*

In *In re DSC, Ltd.*, the Sixth Circuit found the bankruptcy court's denial of a petitioner's joinder request was not mooted by the dismissal of the involuntary bankruptcy petition or the post-dismissal settlement. 486 F.3d 940, 945–46 (6th Cir. 2007). If the bankruptcy court had allowed the petitioner to join, the creditors would have satisfied the statutory requirements to defeat dismissal of the petition. *Id.* at 946. Thus, the court found the "subsequent settlement and withdrawal d[id] not affect th[e] court's ability to review the bankruptcy court's [joinder decision]." *Id.*

In another case, *In re Resource Technology Corp.*, lenders argued a case was moot because of settlement after the denial of all requests for a stay. 430 F.3d 884, 886 (7th Cir. 2005). The Seventh Circuit disagreed because the court could order the return of money, reinstate the claims, and order other relief. *Id.* The court distinguished the case as one of "judicial reluctance to upset legitimate reliance interests" and not mootness. *Id.* at 887. Finding the case not moot, the court addressed the merits of the case. *Id.* at 887–88.

In a final case from the Ninth Circuit, *In re Castaic Partners II, LLC*, the court held that it lacked authority to review the appeal of a stay order because the party failed to appeal the dismissal order. 823 F.3d 966, 969 (9th Cir. 2016). The court reasoned that the appeal of the stay order was moot because "[the court] ha[d] no power to restore the bankruptcy proceeding." *Id.* In sum, the

failure to appeal *both* orders—the stay order and the dismissal order—deprived the appellate court of jurisdiction to review the stay order. *Id.* Such is not the case here, as Appellants appealed the Dismissal Order along with the Stay Order.

The Court can draw a couple of legal conclusions from these cases. First and most importantly, failure to appeal a dismissal order after a stay order denies a court of jurisdiction to review the stay order. *See id.*; *In re Jiminez*, 613 B.R. at 544. Second, courts otherwise routinely review precedent orders to a final disposition order. *In re DSC, Ltd.*, 486 F.3d at 945–46; *In re Resource Tech. Corp.*, 430 F.3d at 886. Following these circuits' precedent, the Court finds it may review the bankruptcy court's Stay Order because the appeal was not mooted by the bankruptcy court's Dismissal Order that Appellants also appealed.

Having found the appeal from the Stay Order not moot, the Court now turns to address whether it should consolidate these separate appeals.

B.     *Appellants' Motion to Consolidate the Appeals*

Under Federal Rule of Bankruptcy Procedure 8003(b)(2), "the district court . . . may join or consolidate [separate] appeals." Whether to consolidate bankruptcy appeals is left to the district court's discretion. *In re Monge*, 700 F. App'x at 355.

Appellants urge consolidation of "[t]hese interrelated appeals, stemming from the same hearing in the same adversary proceeding involving the same parties." Doc. 4, Appellants' Mot. Consolidate, 4. Appellants contend that Federal Rule of Bankruptcy Procedure 8003(b)(2) and Federal Rule of Civil Procedure 42 allows for the consolidation of these separate bankruptcy appeals. *Id.* at 4–5.

Appellee "does not oppose the consolidation of these two appeals." Doc. 5, Resp. Appellants'

Mot. Consolidate.

The Court finds that judicial economy is served by consolidating these two appeals under Federal Rule of Bankruptcy Procedure 8003(b)(2).[2] These appeals involve the same parties in the same adversary proceeding. Thus, the Court consolidates these appeals.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Appellee's Motion to Dismiss and **GRANTS** Appellants' Motion to Consolidate. Accordingly, the Court hereby **ORDERS** that Case No. 3:21-CV-3129-B and Case No. 3:22-CV-0695-B be consolidated. All future pleadings, motions, or other filings shall hereafter be filed under 3:21-CV-3129-B.

**SO ORDERED**.
**SIGNED: June 17, 2022.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[2] Because the Court finds consolidation under Federal Rule of Bankruptcy Procedure 8003(b)(2) warranted, the Court does not address consolidation under Federal Rule of Civil Procedure 42.