CASE NO. 3:21-CV-03129-B

_____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

---

In re: HIGHLAND CAPITAL MANAGEMENT, L.P.,

Reorganized Debtor.

_____

CHARITABLE DAF FUND, L.P. and CLO HOLDCO, LTD.,
directly and derivatively,

Appellants,

v.

HIGHLAND CAPITAL MANAGEMENT, L.P., HIGHLAND HCF ADVISOR, LTD., and HIGHLAND CLO FUNDING, LTD., nominally,

Appellees.

_____

On Appeal from the United States Bankruptcy Court, Northern District of Texas, Adversary Proceeding No. 21-03067-sgj, Honorable Stacey G. C. Jernigan

`_____

## APPELLANTS' REPLY BRIEF
_____

SBAITI & COMPANY PLLC
Mazin A. Sbaiti (TX Bar No. 24058096)
Jonathan Bridges (TX Bar No. 1028835)
2200 Ross Avenue, Suite 4900W
Dallas, TX 75201
T: (214) 432-2899
F: (214) 853-4367

**COUNSEL FOR APPELLANTS**

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................... i

TABLE OF AUTHORITIES ............................................................................. ii

I.    INTRODUCTION ................................................................................. 1

II.    ARGUMENT ........................................................................................ 3

    A.    Appellee's Arguments on Judicial Estoppel Ignore the Law ............. 3

    B.    The Court's *Sua Sponte* Order on Collateral Estoppel is Reversible Error ............................................................................... 7

    C.    Appellee Addressed the Wrong Elements of Collateral Estoppel ................................................................................................ 8

        1.    The Issues Are Still Not the Same ........................................... 9

        2.    The Issues Were Still Not Litigated, Much Less Vigorously Litigated ............................................................... 10

        3.    The Withdrawal Was Not "Necessary" to Determine the Order ................................................................................ 13

        4.    It Would Be Unfair to Dismiss All Claims ............................ 14

III.    CONCLUSION .................................................................................... 14

## TABLE OF AUTHORITIES

*Allen v. McCurry*,
  449 U.S. 90 (1980) ................................................................................................ 9

*Bazrowx v. Scott,*
  136 F.3d 1053 (5th Cir. 1998) ............................................................................... 8

*Carroll v. Fort James Corp.,*
  470 F.3d 1171 (5th Cir. 2006) ............................................................................... 8

*Chalmers v. Gavin,*
  2002 U.S. Dist. LEXIS 5636  (N.D. Tex., Apr. 2, 2002) ................................... 12

*Copeland  v. Merrill Lynch & Co.*,
  47 F.3d 1415 (5th Cir. 1995) ................................................................................ 9

*Def. Distributed v. Bruck*,
  30 F.4th 414 (5th Cir. 2022) ................................................................................. 4

*Fox v. Vice*,
  563 U.S. 826 (2011) .............................................................................................. 4

*In re Age Ref., Inc.*,
  801 F.3d 530 (5th Cir. 2015) ................................................................................ 7

*In re Alfonso*,
  No. 16-cv-51448, 2019 Bankr. LEXIS 2816
  (Bankr. W.D. Tex. Sept. 6, 2019) ......................................................................... 7

*In re Howe*,
  913 F.2d 1138 (5th Cir. 1990) ............................................................................ 12

*In re Superior Crewboats, Inc.*,
  374 F.3d 330 (5th Cir. 2004) ................................................................................ 3

*In re Wakefield*,
  293 B.R. 372 (N.D. Tex. 2003) ............................................................................ 4

*JTB Tools & Oilfield Servs., v. United States*,
    831 F.3d 597 (5th Cir. 2016) .................................................................................. 8

*Kane v. Nat'l Union Fire Ins. Co.*,
    535 F.3d 380 (5th Cir. 2008) .................................................................................. 3

*Kirschner v. Dondero, (In re Highland Capital Mgmt., L.P.)*,
    Nos. 19-34054-SGJ-11, 3:22-CV-203-S, 21-03076,
    2022 Bankr. LEXIS 1028 (Bankr. N.D. Tex. 2022) .................................... 6, 11

*Love v. Tyson Foods, Inc.*,
    677 F.3d 258 (5th Cir. 2012) .................................................................................. 4

*Montrose Med. Grp. Participating Sav. Plan v. Bulger*,
    243 F.3d 773 (3d Cir. 2001) .................................................................................. 4

*Reynolds v. Tombone*,
    1999 U.S. Dist. LEXIS 9995 (N.D. Tex., June 24, 1999) ............................... 12

*Savage & Assocs., P.C. v. Mandl (In re Teligent, Inc.)*,
    417 B.R. 1971 (Bankr. S.D.N.Y. 2009) *aff'd* 2010 U.S. Dist.
    LEXIS 49010 (S.D.N.Y. 2010) ................................................................. 10, 12

*Union Pac. Res. Grp., Inc. v. Rhone-Poulenc, Inc.*,
    247 F.3d 574 (5th Cir. 2001) .................................................................................. 6

*United States v. Reagan*,
    596 F.3d 251 (5th Cir. 2010) ................................................................................ 10

*United States v. Shanbaum*,
    10 F.3d 305 (5th Cir. 1994) .................................................................................. 9

## **Other**

5A Wright & Miller, FED. PRAC. & P. § 1357, at 301 (2d ed. 1990) ................. 8

iii

# I.

# **INTRODUCTION**

Appellants Charitable Donor Advised Fund L.P. ("DAF") and CLO Holdco, Ltd. ("Holdco") (Holdco and the DAF, each an "Appellant" or both "Appellants"), respectfully file this Reply in support of the Appeal of the grant of Appellee Highland Capital Management L.P.'s ("Appellee" or "Highland") Motion to Dismiss.

*First*, Appellee appears to forget two fundamental premises animating the motion to dismiss and governing this proceeding: One, that the pleadings are to be construed in *Appellants'* favor, because Appellants were the non-movants; and two, that Appellee has the burden here.

*Second*, Appellee contends that the Court's judicial estoppel ruling "is based primarily on [Holdco's] considered and deliberate withdrawal of the CLOH Objection" to the HarbourVest settlement. But this is not true given the plain wording of the Order. It is also irrelevant. As already argued in Appellants' Opening Brief, without the alleged [incorrect] quote relied upon in the Order, there is no authority that the mere *withdrawal* of an objection can be a basis for finding judicial estoppel because a creditor has no duty to bring a Rule 9019 objection in the first place. The case law cited by the Appellants expressly support the position, and Appellee cites nothing in response. Even were one to incorrectly construe the

1

pleadings and facts in *Appellee's* favor, it at best would support that judicial estoppel *may* apply to the contractual right of first refusal claim, but nothing shows it could apply to the other claims, the duties of which arise outside the contract and are imposed by federal law. For instance, the duty on Highland to fully inform its advisees of the correct value and not to self deal in a transaction that it should have offered to its advisees. These are not contractual claims, and they were not known prior to the hearing, and they were not raised as objections (and could not have been). Moreover, Appellee has no rejoinder for the argument that if the testimony by Mr. Seery as to the value of the settlement and the asset was false, then that would render any inconsistency "inadvertent."

**<u>Second</u>**, Appellee contends that the Court's collateral estoppel ruling should be affirmed. Never mind the fact that *they did not move for collateral estoppel* and collateral estoppel was not even briefed in the court below. Moreover, Appellee's response wholesale ignores the case law that says that a 9019 hearing cannot be the basis of collateral estoppel by *third party objectors* because, for one thing, they are not parties to the dispute being settled. Additionally, the element that the issue be "actually and vigorously litigated" cannot be met. The lower court's finding that the 9019 proceeding is not one where an issue can be actually litigated for the purposes of *res judicata* carries the day on this issue for collateral estoppel as well. Appellee does not even attempt to distinguish the argument. Furthermore, the objection to the

2

9019 is not the same "issue" as whether there was a breach of fiduciary duty under the Advisers Act, which imposes unwaivable obligations on the Appellee; nor does it address whether James Seery failed to tell the truth on the stand as to the correct valuation—a fact that only came to light after the 9019 ruling was already entered.

Accordingly, the order of dismissal should be vacated.

## II.

## ARGUMENT

### A. APPELLEE'S ARGUMENTS ON JUDICIAL ESTOPPEL IGNORE THE LAW

Appellee's judicial-estoppel argument is simply a non-starter. To start, as previously mentioned, see Appellants' Br. at 35, the lower court did not address one of the elements of judicial estoppel in its opinion, and Appellee does not address it now.

It is well established that in the Fifth Circuit that "three particular requirements . . . must be met in order for judicial estoppel to operate." *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008) (per curiam). The third element is inadvertence. *See In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004).

By failing to address this element in its opinion and its brief, the lower court and Appellee, respectively, apply the incorrect legal standard—as such, any

3

conclusion drawn regarding the operation of judicial estoppel here is fatally flawed.[1] *See In re Wakefield*, 293 B.R. 372, 379–81 (N.D. Tex. 2003) (Fitzwater, J.). Even if review of the lower court's analysis were conducted under the highly deferential abuse-of-discretion standard, reversible error would still be present because a court necessarily abuses its discretion when it applies the incorrect legal standard. *Def. Distributed v. Bruck*, 30 F.4th 414, 427 (5th Cir. 2022); *see Fox v. Vice*, 563 U.S. 826, 839 (2011) (A court has "wide discretion when, but only when, it calls the game by the right rules"). For this reason alone, this Court should reverse the lower court's decision.

Nevertheless, turning back to the arguments that concern judicial estoppel's first two elements, Appellee provides no serious, substantive response to Appellants' contentions.

Starting with the first element—clear inconsistency—Appellee's arguments are critically flawed in two main ways. For one thing, Appellee attempts to cast aside the highly consequential transcription error as irrelevant. *See* Appellee's Br. at 47. But its contention is not based in reality. No reasonable person, particularly a federal

---

[1] Furthermore, judicial estoppel's "only legitimate purpose" is "to remedy an affront to [a] court's integrity." *Montrose Med. Grp. Participating Sav. Plan v. Bulger*, 243 F.3d 773, 785–86 (3d Cir. 2001). Because the lower court's opinion "contains no hint that it invoked judicial estoppel to respond to a threat to its own authority," then the manner in which judicial estoppel functions here is not appropriate. *Id.* at 786; *see also Love v. Tyson Foods, Inc.*, 677 F.3d 258, 275 (5th Cir. 2012) (Haynes, J., dissenting) ("Exercising discretion in granting judicial estoppel must be done only when the remedy does not do 'inequity in the name of equity.'" (citation omitted)).

4

judge, would disagree that a significant difference exists between stating (1) "I'm not going to enter into a stipulation on behalf of my client, *but* the Debtor is compliant with all aspects of the contract," and (2) "I'm not going to enter into a stipulation on behalf of my client *that* the Debtor is compliant with all aspects of the contract." Even if one were to assume that the withdrawal of an objection was a judicial admission of any kind (which it is not), these two "admissions" critically differ from a legal perspective—the former conceivably involves an admission that the Debtor is compliant with the contract, while the latter affirmatively rejects that there is an agreement on that issue but states that it changes nothing. Appellee misses this blatantly obvious distinction, as their only argument concerns to what extent the lower court relied on the withdrawal in approving the settlement, thereby totally missing the point.

But just as well, Appellee's attempts at substantively challenging the legal arguments offered by Appellants are nothing more than slip-shod gambits to distract from the baseless nature of its own contentions. In particular, Appellants offer two strong arguments regarding (1) whether a creditor has a duty to lodge an objection at a 9019 hearing at all, and (2) whether judicial estoppel applies to whether debtors or other insiders would benefit to the detriment of creditors were a particular claim to proceed. *See* Appellants' Br. at 29, 33. Instead of actually engaging these substantive points, Appellee addresses wholly irrelevant non sequiturs from the

5

cases Appellants cited and calls it a day. *See* Appellee's Br. at 48–49. Appellee's arguments are red herrings—they are "not at issue," *Union Pac. Res. Grp., Inc. v. Rhone-Poulenc, Inc.*, 247 F.3d 574, 588 (5th Cir. 2001), and carry no argumentative weight.

In short, Appellee cannot meet the first element because it cannot overcome—and does not attempt to overcome—the legal premise that the withdrawal of an objection is tantamount to no objection have been made at all. *Kirschner v. Dondero, (In re Highland Capital Mgmt., L.P.),* Nos. 19-34054-SGJ-11, 3:22-CV-203-S, 21-03076, 2022 Bankr. LEXIS 1028, at *21 (Bankr. N.D. Tex. 2022) (citing cases) (holding that in bankruptcy, claim that is withdrawn is as if it was never brought). And because there is no duty for a non-settling creditor to bring an objection under Rule 9019, the bringing of a claim in a later lawsuit cannot be deemed "inconsistent" with the failure to bring the claim as an objection in a 9019 hearing. This is completely ignored.

On the second element—judicial acceptance—Appellee yet again leaps right past Appellants' contentions in the hopes of distracting from its empty arguments. For one thing, Appellee argues that the lower court relied on the withdrawal as a significant consideration at the 9019 hearing. *See* Appellee's Br. at 50–51. But this is unsupported: *nowhere* in the lower court's order approving the settlement following the 9019 hearing makes this fact clear—in fact, the lower court only states

6

as much for the first time in its order granting 12(b)(6), on appeal here. *Compare* 9019 Hearing Order (AR-005566-5654) *with* Dismissal Order at p. 25 (AR-000028). Appellees' post hoc reasoning cannot support its proffered position.

And even if this contention were viable, Appellee's logic falls apart here for another reason: it assumes without supporting authority that when a bankruptcy court approves a settlement, that court is accepting a *withdrawal of an objection* as a judicially binding concession on the merits of causes of actions – causes of action that the lower court has admitted it has no capacity to litigate or decide on the merits under Rule 9019. Order at pp. 13-14 (AR_000042-43).

When approving a settlement under Rule 9019, the bankruptcy court is not even attempting to rule on the merits of any third-party claim or objection. *See In re Age Ref., Inc.*, 801 F.3d 530, 541 (5th Cir. 2015); *In re Alfonso*, No. 16-cv-51448-RBK, 2019 Bankr. LEXIS 2816, at *8 (Bankr. W.D. Tex. Sept. 6, 2019). To even intimate otherwise is fanciful.

Therefore, the judicial estoppel defense, as argued in the Opening Brief, simply fails.

## B. THE COURT'S *SUA SPONTE* ORDER ON COLLATERAL ESTOPPEL IS REVERSIBLE ERROR

Appellee fails to address the fact that the collateral estoppel was not raised by it in the court below and that the court below addressed collateral estoppel without any briefing by the Appellants. Appellee merely acknowledges the *sua sponte* nature

7

of the collateral estoppel order and nothing more. Response at 15. Appellee does not address the fact that Rule 12 has no mechanism for a court to rule on anything *sua sponte* at the motion to dismiss stage. Appellee wholesale fails to address the case law holding that *sua sponte* dismissals without prior notice and opportunity to be heard constitutes reversible error. *See Carroll v. Fort James Corp.,* 470 F.3d 1171, 1177-78 (5th Cir. 2006) (reversing *sua sponte* dismissal of claim where notice and opportunity to be heard were not afforded) (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (quoting 5A Wright & Miller, FED. PRAC. & P. § 1357, at 301 (2d ed. 1990))).

Therefore, the portion of the Order addressing collateral estoppel must be reversed and vacated, and Appellee has waived any argument otherwise.

## C. A<span/>PPELLEE A<span/>DDRESSED THE W<span/>RONG E<span/>LEMENTS OF C<span/>OLLATERAL E<span/>STOPPEL

Appellee argues the wrong elements for collateral estoppel. Specifically, Appellee contends that "[the] Bankruptcy Court analyzed the three elements required for collateral estoppel: (a) the issues at stake in the two proceeds are the same, (b) the issues were actually litigated, and (c) the determination of the issue in the initial litigation was a necessary part of the judgment." Response at 16.

No law is cited for these elements, and they are incorrect, and therefore, the issue is waived by Appellee. *JTB Tools & Oilfield Servs., LLC v. United States*, 831 F.3d 597, 601 (5th Cir. 2016) (stating that, "[t]o avoid waiver, a party must identify

relevant legal standards and 'any relevant Fifth Circuit cases'" and holding that, because appellant "failed to do either with regard to its underlying claims, those claims were inadequately briefed and therefore waived") (cleaned up).

In the Fifth Circuit, as argued in Appellants' Opening Brief, there are four elements of collateral estoppel: "(1) the issue under consideration is identical to that litigated in the prior action; (2) the issue was fully and vigorously litigated in the prior action; (3) the issue was necessary to support the judgment in the prior case; and (4) there is no special circumstance that would make it unfair to apply the doctrine." *Copeland v. Merrill Lynch & Co.*, 47 F.3d 1415, 1422 (5th Cir. 1995) (citing *United States v. Shanbaum*, 10 F.3d 305, 311 (5th Cir. 1994)). Under Supreme Court precedent, "collateral estoppel cannot apply when the party against whom the earlier decision is asserted did not have a 'full and fair opportunity' to litigate that issue in the earlier case." *Allen v. McCurry*, 449 U.S. 90, 95 (1980).

**1. The Issues Are Still Not the Same**

For the first element, the issues are not the same. Appellee never addressed Appellants' argument that CLO Holdco's objection was that *HarbourVest* had not fulfilled its obligations under the Company Agreement. Nothing in the objection raised anything about whether *Highland,* as a co-investor purchasing the HarbourVest interest, had breached its duties, nor whether Highland, as an RIA, had breached its *fiduciary* duties. Opening Br. At 13-16. These claims have different

9

elements, standards, etc., and would not have been litigated in the 9019 hearing as an *objection*.

These arguments are never addressed by Appellee, and therefore, they are waived. *See United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010) (party's failure to offer any "arguments of explanation [to district court] . . . is a failure to brief and constitutes waiver").

### 2. The Issues Were Still Not Litigated, Much Less Vigorously Litigated

Appellee completely ignores the arguments raised in Appellants' Opening Brief that:

- Appellant Holdco was not one of the settling parties in the Rule 9019 hearing and, therefore, was not even a litigant to the settlement proceeding;

- The lower court's approval of a settlement under 9019 does not require or involve resolving objections on the *merits* -- even a meritorious objection can be overruled under Rule 9019;

- The lower court held that a Rule 9019 proceeding is not one where a third party's "claims for affirmative relief—whether it be RICO violations, breach of contract, breach of fiduciary duties or tort claims—[can] be asserted in response to a bankruptcy 9019 motion to compromise a controversy" when ruling that *res judicata* did not apply—Appellee fails to address how this does not completely vitiate the second element of collateral estoppel;

- The standard for vigorous litigation requires that the claim actually have been litigated fully and determined on the merits—the withdrawal of the objection means that that did not occur, and the Fifth Circuit itself has held that a Rule 9019 motion is not a trial or a mini-trial, and the law in the circuit makes clear that such a proceeding is not one for determination on the merits;

10

- That withdrawal of the objection is the same as not having brought it at all, and there is no obligation to bring a Rule 9109 objection.

Opening Br. at 16-19.

Equally significant is the fact that several courts have addressed this exact question and held that a Rule 9019 hearing cannot serve as a basis for collateral estoppel. At least one other court has considered whether collateral estoppel can serve as a basis for precluding a later lawsuit that rests on the same legal basis as a 9019 objection. *See Savage & Assocs., P.C. v. Mandl (In re Teligent, Inc.),* 417 B.R. 197, 211 (Bankr. S.D.N.Y. 2009) *aff'd* 2010 U.S. Dist. LEXIS 49010, at *28-29 (S.D.N.Y. 2010). There, the bankruptcy court held that because the objection was not actually before the court, it was not litigated. *Id.* The court concluded that even if it were, it would not have been litigated as part of the 9019 process of ensuring that the settlement "does not fall below the lowest point in the range of reasonableness[,]" because the court could approve the settlement even without litigating the issues raised by objectors. *Id.* Thus, the 'actually litigated' element of collateral estoppel could not be met. *Id.*

Further, the lower court in the same bankruptcy has held that a withdrawn claim should be treated as if it were never brought. *Kirschner v. Dondero, (In re Highland Capital Mgmt., L.P.)*, Nos. 19-34054-SGJ-11, 3:22-CV-203-S, 21-03076, 2022 Bankr. LEXIS 1028, at *21 (Bankr. N.D. Tex. 2022) (citing cases) (holding that in bankruptcy, claim that is withdrawn is as if it was never brought). This is

11

tantamount to a dismissal without prejudice. How can collateral estoppel apply to a claim that was never before the court? It cannot. *See In re Teligent,* 417 B.R. at 211. *See also Chalmers v. Gavin*, 3:01-CV-528-H, 2002 U.S. Dist. LEXIS 2914, at *8-9 (N.D. Tex. 2002) (finding that where previous claims were dismissed without prejudice, that could not be the basis of issue or claim preclusion); *Reynolds v. Tombone*, 1999 U.S. Dist. LEXIS 9995, at *12 & n.5 (N.D. Tex., June 24, 1999) (finding that where prior motion was not adjudicated on the merits it could not serve as basis for preclusion).

And the Fifth Circuit has expressly held, because of the "quick" and non-adversarial nature of a 9019 hearing, not only do non-settling creditors not have a duty to bring an objection to a 9019 motion, non-settling creditors are not even *entitled to bring claims for damages in a 9019 hearing*. *See In re Howe*, 913 F.2d 1138, 1145 (5th Cir. 1990) (and authorities cited therein). Therefore, it is impossible to hold that collateral estoppel can apply here.

Appellee contends that the "issues were previously litigated," and it rests its argument on the premise that the Court found that the settlement was fair and found Mr. Seery credible. However, that is not the right element—the correct element is whether the issues were "actually and vigorously" litigated, and whether Appellants had a "full and fair opportunity to litigate." Neither is addressed by Appellee. Appellee contends that discovery *could* have occurred prior to the hearing—but this

is neither accurate and does not change the fact that Mr. Seery's false testimony occurred *at the hearing*, and the truth was not discovered until afterwards. Furthermore, Appellee's contention facially begs the question of the purpose of the testimony in a 9019 hearing. It is undisputed that such testimony is there to build a record supporting *settlement*—not between *Appellants* and Highland, but between *HarbourVest* and Highland—it was not to determine the merits of Appellants' claims or causes of action.

### 3. The Withdrawal Was Not "Necessary" to Determine the Order

Appellee contends that the dismissal order claims—i.e., the lower court is testifying—that the withdrawal was subjectively important to Judge Jernigan's decision. However, there is no law to support this position. The law is that the lower court could have approved the settlement notwithstanding the merits of the objection, and therefore, the lower court's subjective views of the merits of the objection are not material to the approval of the Rule 9019 settlement. *See* Appellant's Opening Br. at 19-20, 26-27.

Furthermore, one has to look at the 9019 Order itself to see how material a factor the withdrawal of the objection was. And the 9019 Order makes clear that it simply overruled all objections pending. It did not resolve the withdrawn objection on the merits, and resolving the merits of the objection was not in and of itself necessary to approving the settlement.

### 4. It Would be Unfair to Dismiss All Claims

It would be unfair to dismiss any of the claims based upon collateral estoppel for the reasons set forth above. This is especially true because of the *sua sponte* nature of the dismissal and the fact that none of the claims in this lawsuit were actually brought in the 9019 hearing, and none of the non-contractual claims have overlapping issues with anything brought in the 9019 Hearing.

## III.

## CONCLUSION

Plaintiff respectfully suggests that there is no basis to affirm the below order. It should be vacated and reversed.

Dated:  July 29, 2022                                        Respectfully submitted,

**SBAITI & COMPANY PLLC**

*/s/  Mazin A. Sbaiti*
**Mazin A. Sbaiti**
Texas Bar No. 24058096
**Jonathan Bridges**
Texas Bar No. 24028835
JPMorgan Chase Tower
2200 Ross Avenue – Suite 4900W
Dallas, TX  75201
T:  (214) 432-2899
F:  (214) 853-4367
E:  mas@sbaitilaw.com
      jeb@sbaitilaw.com

**Counsel for Appellants**

14

# **CERTIFICATE OF COMPLIANCE WITH RULE 8015**

This document complies with the type-volume limit of Fed. R. Bankr. P. 8015(a)(7)(B)(ii) because, according to Microsoft Word, it contains 3,365 words, excluding the portions of the document exempted by Fed. R. Bankr. P. 8015(g).

*/s/ Mazin A. Sbaiti*
Mazin A. Sbaiti

15